STATE OF INDIANA    )        IN THE LAKE CIRCUIT/SUPERIOR COURT
                    ) SS:
COUNTY OF LAKE      )        CAUSE NO.    45D 101 1 02 PL 00009

CAROLYN HERZ SRIVASTAVA,            )
                                    )
                    Plaintiff,      )
                                    )
    vs.                             )
                                    )
JAMES PAYNE, MITCHELL DANIELS, RANDALL )
SHEPARD, MARGRET ROBB, MICHAEL DELPH, )
GREGORY ZOELLER, FRANCES BARROW,    )
GERALD SVETANOFF, MARION CIRCUIT AND )
SUPERIOR COURTS, GERALD ZORE, BARBARA )
COLLINS, MARK STONER, J. JEFFERY EDENS, )
J. RICHARD CAMPBELL, ELIZABETH WHITE, )
TERRY CURRY, LINDA MAJOR, MARION    )
COUNTY SHERIFF'S DEPARTMENT, GREGORY )
BALLARD, STEPHEN GOLDSMITH, RYAN    )
VAUGHN, COLLEGE PARK CLUB, INC., JANICE )
HANKINS, FAYE CRAIG, SHARON MURPHY, · )
LESLIE PAGE, MICHAEL PAGE, BECKY SAYRE, )
ROB SNYDER, JOSEPH REEDY, JACQUELINE )
REEDY, JAMES PATTON, KRISTIN MACBAIN, )
GEORGE MACBAIN, RAMESH SHAH, SAROJ  )
SHAH, MARK BANNATYNE, MITZI GRAHAM,  )
ELIZABETH DRAKE, S. ANNE BURCHAM, AT&T )
INC., LAW OFFICE OF WEISS & SCHMIDGALL, )
P. C., ORKIN, LLC, MARATHON PETROLEUM )
COMPANY, LLC, WAL-MART STORES EAST, INC,)
SHAAREY TEFILLA CONGREGATION, INC.,  )
BENJAMIN SENDROW, SANDY SASSO, ROBERT )
RIFKIN, CARYN VOGEL, DEBORAH BRAM,   )
DEBORAH GEDLING, PRUDENTIAL FINANCIAL, )
INC., WELLS FARGO ADVISORS, LLC, DAVID G. )
MOSCRIP, SANJAY MISHRA, MED-1 SOLUTIONS,)
LLC, BIRCH EVANS BAYH III, DANIEL PARKER, )
LULA PATTON, DAVID F. HAMILTON, JANE )
MAGNUS-STINSON, JOSEPH HOGSETT, ERIC )
HOLDER, WENDY LINDQUIST, CITY OF    )
CHICAGO, JACQUELINE HOBBS, MARY SUE )
COLEMAN, INDIANA UNIVERSITY, and ORA )
HIRSCH PESCOVITZ,                   )
                                    )
                                    )
                    Defendants.     )

RECEIVED
FEB 1 4 2011
HAMMOND

## COMPLAINT AND JURY DEMAND

1. Plaintiff brings a complaint against defendants for violently destructive racketeering and dep-

rivation of plaintiff's constitutionally mandated freedoms, motivated by defendants' greed, selfishness, lust for power, and innate propensity for violence. The racketeering, which has injured and continues to injure plaintiff, includes continuing theft of plaintiff's identity, secretly filing and maintaining frivolous lawsuits on plaintiff Carolyn Herz Srivastava's behalf without her knowledge or consent, forging alleged "court orders," committing forcible felonies against plaintiff and her family, stealing and damaging plaintiff's property, preventing plaintiff's personal religious practice, and planning to intentionally cause plaintiff's death and set fire to her house, all made possible through defendants' Big Brother Government abuse of power and exploitation of defendant Ora Hirsch Pescovitz's society-destroying behavior. Pursuant to Rule 38 (B) of the *Indiana Rules of Trial Procedure*, plaintiff demands a jury trial.

2. For any defendant seeking to remove this case to the U.S. District Court for the Northern District of Indiana, Chief Judge Philip Simon has ordered the following:[1] The defendant(s) must arrange for payment of the $350.00 filing fee required by law and submit a copy of this complaint and other paperwork to me, plaintiff Carolyn Herz Srivastava, so that I may present it to Judge Simon for pre-screening. He will then review the documents and decide whether to docket the case. I will **not** pay any federal filing fee. I also will **not** present any papers to Judge Simon to docket this case in U.S. district court unless defendants obtain an order, signed by Judge Simon and entered into the PACER record of case no. 2:10-cv-00053-PPS-PRC and/or case no. 2:10-mc-00062-PPS, directing the Clerk to ensure that I, plaintiff Carolyn Herz Srivastava, can fully participate in CM/ECF electronic filing in all cases to which I am a party. Defendants should refrain from filing a Notice of Removal with Lake Circuit/Superior Court unless this case is accepted for docketing in U.S. district court.

## I. PARTIES

3. Plaintiff Carolyn Herz Srivastava is an unemployed single female Jewish citizen of Pike Township, City of Indianapolis, Marion County, Indiana, where she has resided from 1985 through the

---

[1] U.S. District Court for the Northern District of Indiana case no. 2:10-cv-00053-PPS-PRC, Docket entry # 144.

date of filing this complaint, the past 19 of those years as a homeowner in the College Park residential subdivision. I (plaintiff) am a peaceful, law-abiding, native-born United States citizen who grew up in New Jersey. I was previously married to Arun Srivastava, a Hindu native of India. We were divorced in July 1993; I have been unmarried continuously since then. Despite defendants' intrusive and patronizing attempts to force me into Lesbianism, I am 100% heterosexual. For convenience, I generally use the name Carolyn Srivastava in my day-to-day transactions, and to the best of my knowledge I am the only person in the United States with that name.

4. Defendant James Payne, a filer of frivolous *pro se* lawsuits, resides in my (plaintiff's) neighborhood. He currently holds the position of Director of the Indiana Department of Child Services. Prior to then, he was Judge of the Marion Superior Court Juvenile Division, from which he instigated conflict among Marion Superior Court judges, for more than twenty years. A mean-spirited, self-righteous troublemaker, James Payne has used the positions of trust to destroy families, to sexually abuse defenseless children, to exploit children as tools of intimidation against their parents and other adults, and to bully and intimidate Jews in particular. James Payne has exhibited a contemptuous disrespect for the rule of law, devising bizarre interpretations designed only to serve his own self-interest.

5. Defendant Mitchell Daniels is the Governor of the State of Indiana, a position has used to shower his wealthy fat cat campaign donors with taxpayer money at the expense of the public welfare, to tout the creation of imaginary jobs, to promote election fraud, and to destroy education in Indiana. One of his duties is to appoint appellate judges. Another is to oversee the Indiana Civil Rights Commission, which has perpetrated practices of promoting sexual harassment and generally demeaning women. Daniels is being sued in his individual and official capacities.

6. Defendant Randall Shepard is the Chief Justice of the Indiana Supreme Court, which has jurisdiction under Article 7 of the *Constitution of the State of Indiana* to supervise the exercise of jurisdiction by the inferior Indiana courts, to hear appeals from decisions of the Indiana Court of Appeals and Indiana trial courts, to select panels of nominees for appellate judgeships, to discipline and remove judg-

3

es from office, and to supervise the practice of law in Indiana, including issuing and revoking licenses to practice law. The Indiana Supreme Court has promoted anti-woman policies in its acts. Randall Shepard is being sued in his official capacity.

7. Defendant Margret Robb is currently the Chief Judge of the Indiana Court of Appeals, which has jurisdiction to hear appeals taken from Indiana trial courts. She is being sued in her official capacity.

8. Defendant Michael Delph ("Delph") holds the position of Indiana State Senator representing Senate District 29, the district within which I (plaintiff) reside. The district lies mainly in Marion County, but extends into Hamilton County, where Delph resides. Delph has promoted an anti-woman, anti-education, anti-religious freedom agenda.

9. Defendant Gregory Zoeller ("Zoeller") holds the position of Attorney General of the State of Indiana. He previously held the positions of Chief Deputy Attorney General and Chief of the Litigation Division of the Office of the Indiana Attorney General. A partisan Republican, he has aggressively targeted Democratic Party office holders in Lake County for investigations of alleged official corruption, but has ignored Republican Party corruption in Marion and Hamilton counties, probably because he is part of it. He has also, for nearly ten years, perpetrated a practice of submitting forged, poor quality documents to Indiana appellate courts on behalf of *pro se*, non-attorney litigants, particularly prisoners, without their knowledge or consent.

10. Defendant Frances Barrow holds a position as a deputy attorney general in the office of the Indiana Attorney General. She has been the point person in generating forged documents on behalf of *pro se*, non-attorney litigants without their knowledge or consent, activity that is outside the scope of her employment.

11. Defendant Gerald Svetanoff ("Svetanoff") is a judge of the Lake Superior Court Civil Division, who was assigned a case to which I was a party. The case was subsequently removed to the U.S. District Court for the Northern District of Indiana.

12. Defendant Marion Circuit and Superior Courts are courts of coextensive original jurisdiction

4

empowered to hear civil, criminal, probate, small claims, and juvenile matters arising within Marion County, Indiana. They are local government entities funded mainly by county revenue. Since at least 1995, Marion Superior Court has been cloud-soft on crime committed by its favored criminals.

13. Defendant Gerald Zore ("Zore") was a judge of the Marion Superior Court Civil Division from 1974-mid-2010. He was associate presiding judge and supervisor of the Marion Superior Court jury pool from 2001 through 2004 and 2009-2010. Since approximately July 2010 he has held the position of judge of the Probate Division. He has abused his position to confuse courts with the same number designation, and to mix up electronic court records from different cases and even different jurisdictions, to unlawfully interfere in cases in other jurisdictions, to create records of alleged proceedings that never took place, and to compel selection of jurors favorable to his agenda of extortion and bullying. Zore has admitted to ruling in response to bribes. He also steals the identities of other judges.

14. Defendant Barbara Collins is a soft on crime Marion Superior Court Criminal Division judge, handling misdemeanors. In that position, she has manifested a pathological neediness that has led her down the path of wrongdoing. She has disbanded her campaign committee, but may take "contributions" off-the-record. Ironically, she presides over the court that handles mental health issues.

15. Defendant Mark Stoner ("Stoner") has been a soft on crime Marion Superior Court Criminal Division judge, which he obtained through questionable tactics, from January 2001 up to the present. He was judicial supervisor of adult probation services for the court during the period 2002 - 2006. Previously, he was a deputy prosecutor in the Marion County Prosecutor's Office from 1981-2001. From at least 1992 up to the present Stoner has also held a position as organist at and government agent to control the affairs of the Indianapolis Hebrew Congregation, a Marion County Jewish association.

16. Defendant J. Jeffrey Edens ("Edens") has held the position of judge of the Circuit Court of Boone County, Indiana, a court of general jurisdiction. Edens purported to hear a case to which I am a party, but in reality, he dismissed it without making any effort to hear my claims, thereby exhibiting extreme laziness and profound ignorance of the law. I (plaintiff) have never met him in person.

5

17. Defendant J. Richard Campbell ("Campbell") is a judge of the Hamilton Superior Court, who was apparently appointed Marion Superior Court special judge to hear cases to which I have been a party. Reportedly an alcoholic, he brainlessly does whatever his favored attorneys order him to do. I (plaintiff) have never met him in person. Campbell is not a good judge.

18. Defendant Elizabeth White holds the position of Marion County Clerk. As such, she is head of the Marion County Clerk's Office, with primary responsibility for maintaining complete and accurate court records for Marion County Circuit and Superior Courts, and for conducting elections in Marion County. She has perpetrated a practice of concocting fantasy records of alleged court proceedings that never took place and of delivering poor service to the public. She has exhibited adoring worship of men in positions of power, but significant animosity toward other women. Elizabeth White is being sued in her personal and official capacities.

19. Defendant Terry Curry holds the position of Marion County Prosecutor. As such he has supervisory and policy-making authority for the Marion County Prosecutor's Office, which handles criminal prosecutions for Marion County, Indiana. The Marion County Prosecutor's Office has, for many years, manifested deep-seated anti-Semitism and bias against women, along with a practice of abusing its power to attack me (plaintiff) personally. The Marion County Prosecutor's office has simultaneously been soft on crime committed by its favored criminals, including government officials. Terry Curry is being sued in his individual and official capacities.

20. Defendant Linda Major has been a Marion County deputy prosecutor since at least 1998. She has relentlessly stalked me (plaintiff), stealing my identity to commit crimes in my name and instigating my associates to falsely accuse me of crimes. More generally, she has acted as James Payne's government tool of terrorization and disruption of Marion County Jewish organizations.

21. Defendant Marion County Sheriff's Department ("MCSD") handled policing for most of Marion County, Indiana for many years. From approximately January 2007-January 2008, the Marion County Sheriff had supervisory authority over the newly created countywide Indianapolis Metropolitan

6

Police Department ("IMPD"). Sworn MCSD officers continue to retain their law enforcement powers. In its actions, MCSD has manifested anti-Semitism and misogyny.

22. Defendant Gregory Ballard ("Ballard") is the very secretive mayor of the City of Indianapolis. Shortly after taking office he seized control of the IMPD, in violation of state law, but declaring himself fully responsible for police law enforcement and public safety in Indianapolis/Marion County. Ballard abolished all standards for selection and training of recruits, thereby causing the IMPD to become permeated with malfeasance and incompetence, along with the widespread Marion County government anti-Semitism and misogyny, and IMPD is therefore a danger to the citizens of Marion County. As a terrorization tactic, IMPD aggressively invades the homes of innocent, law-abiding citizens under a bizarre pretext of "welfare check." Ballard, who is now seeking advice from Stephen Goldsmith, is being sued in his individual and official capacity as head of Indianapolis/Marion County government. The Ballard administration is rife with good-old-boy favors to wealthy campaign donors.

23. Defendant Stephen Goldsmith held the position of mayor of Indianapolis from January 1992 – January 2000. He has been a major promoter of greed and misuse of taxpayer money in pursuit of government officials' personal power, using "privatization" as a pretext. He has brazenly favored wealthy corporate fat cats and their businesses in response to large campaign contributions, having sold out us ordinary Pike Township homeowners to his favored real estate developers.

24. Defendant Ryan Vaughn holds the position of president of the Indianapolis/Marion County City-County Council, a position he has used to perpetrate official misconduct in government.

25. Defendant College Park Club, Incorporated ("College Park Club") is an Indiana nonprofit corporation that serves as a homeowners' association for the residents of College Park, a residential subdivision of approximately 460 homes in Pike Township in Marion County. All record owners of fee interest in one or more lots or dwelling units in College Park, including me (plaintiff), are necessarily members of College Park Club and are assessed dues, which are used to maintain common areas.

26. Defendant Janice Hankins ("Hankins") is a College Park resident and homeowner. She is a

7

former College Park Club board member and president who engineered the mysterious disappearance of College Park Club funds.

27. Defendant Faye Craig, aka Faye Plascak-Craig ("Craig"), a College Park resident and homeowner, is a former member and president of the Board of Directors of College Park Club. Craig claims to have received a Ph.D. in psychology, but she was in a non-clinical program that normally awards only masters degrees, and she never held a license to practice psychology or any other mental health profession. Craig and I (plaintiff) agree that we have never had a conversation.

28. Defendant Sharon Murphy ("Murphy"), a nasty, vicious College Park resident and homeowner, is a former member of the Board of Directors of College Park Club. In that position, she severely disrupted College Park Club operations, in part as a result of her addiction to alcohol, about which she is in denial. Murphy claims to be an attorney, a status she has used to thwart, rather than follow the law.

29. Defendant Leslie Page, who has a noticeable facial tic, is an identity thief and animal abuser who moved into the house next door to mine in late 1996. She fabricates and spreads false, destructive gossip, exploiting people's bigotry and irrational fears to instigate conflicts between neighbors. She has also used her minor children to vandalize and steal others' property, and to threaten neighbors with false accusations of child molestation. Leslie Page is not a good neighbor.

30. Defendant Michael Page is Leslie Page's compliant husband.

31. Defendant Becky Sayre ("Sayre"), a College Park resident and homeowner on my court since 2000, held a position on the Board of Directors of College Park Club. Sayre is not a good neighbor.

32. Defendant Rob Snyder, an identity thief, gossip, and general troublemaker who is a few months older than my son, is Becky Sayre's son.

33. Defendant Joseph Reedy ("Reedy") is a misogynistic College Park resident and homeowner who moved into my vicinity in 2000. He has exhibited irrational behavior, stalking me and seeking to force me to perform oral sex on him in exchange for my right to live peacefully in my own home on my own property. A coward, he recruits others to perpetrate misconduct on his behalf. I am very afraid that

8

he will physically harm me an/or set fire to my home in retaliation for this complaint.

34. Defendant Jacqueline Reedy is the aggressive and menacing wife of Joseph Reedy. She is not a homeowner of record and therefore not a College Park Club member, but has aggressively and unlawfully sought to grab membership rights for herself. She elbowed her way into a position as Lehigh Court CrimeWatch block captain, which she has used to discriminate against me (plaintiff) because I am Jewish and because I refuse to perform oral sex on Joseph Reedy.

35. Defendant James Patton, an identity thief, is Jacqueline Reedy's son and Joseph Reedy's stepson.

36. Defendant Kristin MacBain, who has manifested virulent anti-Semitism, moved into the house two doors down from mine in 2002. She has exploited my son and me in an effort to obtain administrative positions for which she was not qualified in the Metropolitan School District of Pike Township. Incidents of property violence against me began shortly after she moved into the neighborhood.

37. Defendant George MacBain, who has manifested hatred of women, is Kristin MacBain's husband. He has exhibited severe anger management problems, such that he is clearly very dangerous, and I do not feel safe walking on the street near my own home.

38. Defendant Ramesh Shah is a College Park resident and homeowner, who lives in close proximity to me. He is not a good neighbor.

39. Defendant Saroj Shah, a nosy busybody and identity thief, is the wife of Ramesh Shah. Saroj Shah is shorter than I (plaintiff) and pudgy, with graying black hair and brown skin. She speaks English with a heavy foreign accent, often with incorrect grammar. Having grown up in a wealthy family, she has conferred on herself an entitlement to treat everyone as her servants. My Indian ex-husband has referred to her as a "stupid Indian woman."

40. Defendant Mark Bannatyne ("Bannatyne") moved into the house next door to mine in October 2004. He hit the ground running with extreme hostility toward me, even though I had never met him or even heard of him before in my life. Bannatyne has show himself to be someone who does not think

9

for himself; rather, he mindlessly follows the prevailing groupthink.

41. Defendant Mitzi Graham ("Graham") is a College Park Club resident and homeowner. She has shown herself to be a greedy, self-serving liar, who will do anything to obtain undeserved benefits for herself. She somehow retains a driver's license, even though she is a menace on the road, endangering herself and all other drivers in her vicinity. She has exhibited a burning desire for a new red car, such that she will do just about anything to obtain that luxury.

42. Defendant Elizabeth Drake, an identity thief and anti-Semite, is a College Park resident and homeowner.

43. Defendant S. Anne Burcham ("Burcham") moved into College Park sometime in 2001, and moved out of the neighborhood to a more expensive home in early 2010. She had previously been president of Lions Head Condominiums, Inc., where my parents were homeowners and residents. During the period November 2006 through early 2010, she held the position of office administrator of Shaarey Tefilla, a necessarily low-paid position. In addition to a new home, Burcham was, in 2009, driving an expensive new car, evidence that she may be involved in narcotics trafficking or other illegal activity.

44. Defendant AT&T Inc. ("AT&T") is a telecommunications service provider registered to do business in Indiana. AT&T took over my (plaintiff's) former communications service providers through a series of corporate mergers. AT&T and its predecessors provided local and long distance telephone service to me (plaintiff) from August 1985 through June 2008, and Internet service from November 2002 through June 2008. I am not currently a customer of AT&T and have not been since June 2008. My telephone and Internet service do not even use external AT&T lines or cables.

45. Defendant Law Office of Weiss & Schmidgall, P.C. ("Weiss Schmidgall") is a Lake County law firm that has interfered in and disrupted the operation of College Park Club by recruiting an individual to fraudulently claim to be a College Park homeowner. Weiss Schmidgall promotes itself as specializing in residential real estate contracts, which should include familiarity with law relating to homeowners' associations and contracts generally.

10

46. Defendant Orkin, LLC ("Orkin") is a corporation engaged in the business of insect pest control in commercial and residential settings. It is a wholly owned subsidiary of Rollins, Inc., which also owns two other pest control companies. Orkin is registered to do business in Indiana.

47. Defendant Marathon Petroleum Company LLC ("Marathon") is an oil refining business based in Ohio and registered to do business in Indiana for many years. In the 1990's, Marathon purchased the property of the former Rock Island refinery, which is fewer than two miles west of my home, and operated the refinery until it was cited for environment violations. It then closed the refinery rather than comply with regulations and sold the property to what is now called ESI Environmental, Inc., a company that imports and decontaminates used oil. After being cited for serious environmental violations, ESI shut down and on October 1, 2010 filed a petition for Chapter 7 bankruptcy, leaving behind millions of gallons of unsecured toxic chemicals, which produce sickening odors that harm people miles away. Also on October 1, 2010 Marathon withdrew its registration with the Indiana Secretary of State.

48. Defendant Wal-Mart Stores East, Inc., d/b/a Walmart ("Walmart") is large worldwide corporation that does business in Indiana, with stores throughout the state. Walmart Supercenter Store # 1518, which harbors hostile management, is located less than one mile from my (plaintiff's) home.

49. Defendant Shaarey Tefilla Congregation, Inc., d/b/a Congregation Shaarey Tefilla ("Shaarey Tefilla"), is a Jewish congregation located in upscale Carmel, Indiana. It is registered with the Indiana Secretary of State as an independent entity, with no legal controlling authority over any other organization. Shaarey Tefilla has exploited me (plaintiff) because its leadership views me as an easy target.

50. Defendant Benjamin Sendrow is the rabbi of Shaarey Tefilla. I (plaintiff Carolyn Herz Srivastava) have never met him, and I hope I never will meet him, but the mere fact of his employment with Shaarey Tefilla renders him, like his predecessor, potentially harmful to me (plaintiff).

51. Defendant Sandy Sasso is the government-imposed rabbi of Congregation Beth-El Zedeck, an Indianapolis Jewish congregation. The members of the congregation do not want her as their rabbi because she is mean-spirited and lazy, but the Marion County government law enforcement establish-

ment forces the congregation to retain her as a government agent. She pretends to be married but she is really divorced. Sandy Sasso exploits Ora Hirsch Pescovitz in pursuit of her own selfish agenda.

52. Defendant Robert Rifkin, an Indiana attorney, purported to represent me (plaintiff) in an official proceeding, but fraudulently took my money to secretly represent Ora Hirsch Pescovitz.

53. Defendant Caryn Vogel ("Vogel"), a government-sponsored identity thief, was recruited by the Marion County law enforcement establishment to engage in bizarre, irrational behavior in my name at Congregation B'nai Torah, an Indianapolis Jewish congregation. She practices medicine as a neurologist, however, I (plaintiff) have never sought or accepted any medical services from her. She did an internship, residency, and fellowship at the University of Michigan in Ann Arbor.

54. Defendant Deborah Bram ("Bram"), a persistently disgruntled individual, is the alleged wife of Eric Bram, the government-sponsored former rabbi of the Indianapolis Hebrew Congregation. She claims to hold the degree of Master of Social Work, which she has abused to perpetrate sexual harassment, to make illegitimate, self-serving "diagnoses," and to spread those so-called diagnoses far and wide as malicious gossip. She never possessed a license to practice therapy or diagnosis in either Indiana or Ohio, where she currently resides. Eric Bram reportedly committed suicide in August 2010, thereby exhibiting severe mental disability for which he refused to seek help.

55. Defendant Deborah Gedling, an attorney, is my (plaintiff's) cousin. She has expressed a desire to be a judge, a position for which she is not qualified. She is therefore exploiting Ora Hirsch Pescovitz and hurting me in the process to attain a judicial position through illegitimate means.

56. Defendant Prudential Financial, Inc. ("Prudential") is a financial services corporation that was the holder of one of my (plaintiff's) personal financial accounts from November 1999 through July 2005. On July 1, 2003, Prudential consummated a merger of its retail brokerage business with that of Wachovia Corporation to form Wachovia Securities LLC, in which Prudential has a 38% ownership interest. Prudential/Wachovia had physical custody of the assets in the account, but they were legally my property; I was the only person authorized to make decisions as to their disposition. Prudential currently

12

holds an annuity that is my property, from which it stole some of the assets. Prudential has offices throughout Indiana, but does not appear to be registered with the Indiana Secretary of State.

57.  Defendant Wells Fargo Advisors, LLC ("Wells Fargo") is a financial services corporation, registered to do business in Indiana, that took over Wachovia Securities LLC.

58. Defendant David G. Moscrip ("Moscrip") does forcible patient intake at St. Vincent Stress Center in Indianapolis. Claiming to be a mental health counselor, he uses IMPD officers to kidnap his victims from their own homes under the pretext of "welfare check" to forcibly handcuff them and bring them to St. Vincent, where he threatens them with court action if they refuse to be admitted as inpatients, i.e., forcible detainees. He subsequently sends them an exorbitantly high bill for his "services."

59. Defendant Sanjay Mishra ("Mishra") is an employee of St. Vincent Stress Center in Indianapolis, who claims to be a psychiatrist, but who participates in the forcible detention of and extortion of money from innocent Marion County citizens. Possibly in collaboration with greedy pharmaceutical manufacturers and distributors, he forces the detainees to consume dangerous controlled substances.

60. Defendant Med-1 Solutions, LLC ("Med-1") is a shady debt collector that specializes in collecting medical debts. It falsely alleges that it has sent letters to alleged debtors when it has not done so.

61. Defendant Birch Evans Bayh III, d/b/a Evan Bayh ("Evan Bayh"), is a pro-corruption politician who has manifested 1) an attitude that women should not be allowed to hold government chief executive positions; 2) a propensity for using self-serving African-Americans such as Lula Patton as tools against the Democratic Party; and 3) a desire to get rid of Jews. As Democratic Party governor of Indiana from 1989-1997, he was accepted as the *de facto* leader of the Indiana Democratic Party for many years. In reality, he has exhibited preference for the Republican Party. Conferring on himself an entitlement to "win" every one of his elections, he has embraced government of selfishness and exploited Ora Hirsch Pescovitz's anti-social behavior to accomplish this end. He currently owns property in Indiana; he plans to use Indiana as a base for a presidential campaign. Evan Bayh cares only about Evan Bayh.

62. Defendant Daniel Parker, a puppet of Evan Bayh, has held the position of chairman of the

13

Indiana Democratic Party for several years. In that position, he is supposed to assist Democratic Party candidates in attaining elective offices. Instead, he strives to install as many Republicans in Indiana state and Marion County offices as possible, using vote fraud and voter intimidation, along with pressuring reluctant Democrats to run ineffective campaigns for offices they do not wish to hold. Daniel Parker and Evan Bayh are already sabotaging the mayoral campaign of the highly qualified Marion County Democratic Party-endorsed Melina Kennedy because she is a woman.

63. Defendant Lula Patton, a self-serving tool of Evan Bayh, is a Republican Party mole who has burrowed into the Marion County Democratic Party. An African-American, she has exhibited extreme hostility toward Jews and Caucasian women, and is engaged in provoking animosity toward Melina Kennedy among African-American voters in Indianapolis. She has admitted to intimidating voters.

64. Defendant David F. Hamilton, a dishonest sexual harasser and puppet of Evan Bayh who has perpetrated a pattern of extremely bizarre and irrational behavior, is an Indiana attorney who worked as counsel to Evan Bayh from 1989-1991. He has been relentlessly stalking me since then. David F. Hamilton has collaborated with James Payne and Ora Hirsch Pescovitz to file frivolous lawsuits against himself. I have heard that he is even planning to convert to Judaism.

65. Defendant Jane Magnus-Stinson ("Magnus-Stinson"), former counsel to Evan Bayh, is a resident of Marion County. She held the position of Marion Superior Court judge, during which time she aggressively lobbied the Indiana General Assembly for "judges' rights" and used innocent citizens as scapegoats, convicting them of crimes they did not commit. Jane Magnus-Stinson is not a good judge.

66. Defendant Joseph Hogsett, an Indiana attorney, is a puppet of Evan Bayh and political partisan. He helps Evan Bayh to obtain elective positions, perpetrate anti-Semitism and misogyny, and control citizens in exchange for political bones tossed his way.

67. Defendant Eric Holder is an attorney who does business in all fifty states. He has used his employment position to commit illegal activities outside the scope of his employment and **not** in connection with the duties of his position. He has manifested significant animosity toward Muslims and

14

Jews.

68. Defendant Wendy Lindquist, a participant in identity theft, is a college classmate of mine (plaintiff's) at Smith College, where we resided in the same house, the term used there for campus residences. She does business in all 50 states through her business that assists physicians and nurses in obtaining jobs and state licenses to practice. She resided in LaPorte County, Indiana for several years. She has exploited Dr. Ora Hirsch Pescovitz to harm me, in pursuit of her own selfish gain.

69. Defendant City of Chicago ("Chicago") is located in Cook County, Illinois, and borders on Lake County, Indiana. I travel there on occasion for business or pleasure. Chicago has an unfortunately well-deserved reputation for ruthlessly selfish and viciously retaliatory behavior on the part of many government officials, including pervasive commission of election fraud. They exploit Ora Hirsch Pescovitz as a tool to perpetrate their bad government activities, which have spread into Indiana.

70. Defendant Jacqueline Hobbs ("Hobbs"), a native of southern Indiana, is currently my (plaintiff's) son's greedy, selfish stepmother. She is currently a psychiatrist on the faculty at the University of Florida College of Medicine ("UFCM"), where my son is a student. In collaboration with Ora Hirsch Pescovitz, she uses that position to defame my (plaintiff's) son with scurrilous allegations and to threaten him with harm if he dares to communicate with me. My personal interactions with her have been minimal, and I have never sought or accepted medical services from her.

71. Defendant Mary Sue Coleman ("Coleman") currently holds the position of President of the University of Michigan. Despite Ora Hirsch Pescovitz's severely disruptive behavior, in May 2009 Coleman hired her into and has retained her in a high-level, prestigious leadership position in the Coleman administration. Coleman is being sued in her personal capacity only.

72. Defendant Indiana University ("IU"), one of the two largest state universities of the State of Indiana, has legal controlling authority over Indiana University-Purdue University Indianapolis ("IU-PUI"), which includes the Indiana University School of Law – Indianapolis ("IUI Law") and the main campus of the Indiana University School of Medicine ("IUSM"). For many years, IU retained defendant

15

Ora Hirsch Pescovitz in important-sounding administrative positions that lent credibility to her severely disruptive behavior.

73. a. Defendant Ora Hirsch Pescovitz, alias Carolyn Srivastava, Carolyn H. Srivastava, etc. etc., is a mean-spirited, vindictive sexual harasser, con artist, profligate forger, pathological liar, kleptomaniac, drug addict/dealer, home invader, Lesbian, and all-around bad mother, who resides in and owns property in Indiana. Flying into violent temper tantrums when anything displeases Her Royal Highness, she habitually exploits people as tools in her relentless pursuit of personal power and money; she will brazenly do anything that she believes will benefit herself. She is a pestilence.

b. Ora Hirsch Pescovitz has perpetrated a twenty-year long practice of secretly stalking me (plaintiff), parasitizing my identity, taking all of my achievements and positive traits for herself, attributing to me all of her character flaws and anti-social behavior; instigating others to reject and isolate me; and generally interfering in and disrupting my life. As part of this, she has claimed to be married to me, which, if true, would mean that she is prohibited by law from testifying about anything I allegedly said during the "marriage." Ora Hirsch Pescovitz has never been my (plaintiff Carolyn Herz Srivastava's) friend, I do not like her, and I do not want her in my life.

## II. ALLEGATIONS IN SUPPORT OF COMPLAINT

### A. Venue

74. Lake County, Indiana[2] constitutes a preferred venue pursuant to Ind. Trial Rule 75 (A)(4), (5) and (8) pursuant to Ind. Code § 34-24-2-6 (a), because the principal office of a defendant organization, Law Office of Weiss & Schmidgall, P.C. is located in Lake County, and the offices of two governmental organizations out of which claims arose, the U.S. District Court for the Northern District of Indiana at Hammond and Lake Superior Court, are located in Lake County and there are governmental organizations named as defendants. Some of the affected enterprise is located in Lake County. Marion

---

[2] All references to Lake, Marion, Boone, and Hamilton counties in this complaint are references to those counties in Indiana.

County, Indiana is disqualified as a venue, as its courts are parties to this action.

75. I apply Rule 4.4 (A) of the *Indiana Rules of Trial Procedure*, the long arm statute Ind. Code § 35-41-1-1, and 18 U.S.C. § 1965 (a) and (b) to out-of-state defendants as appropriate. In particular, they have participated in longstanding commission of identity theft against me (plaintiff), of course without my consent. They are also joined pursuant to Ind. Trial Rules 19 and 20.

## B. General background

76. Defendants have organized a criminal power and money-grabbing enterprise, to which I have referred as the "Syndicate," around the sociopathic behavior of defendant Ora Hirsch Pescovitz. She moved to the Indianapolis area in 1988, when her alleged husband Dr. Mark Pescovitz was hired onto the faculty of the IUSM.

77. As a child, Ora Hirsch Pescovitz was sexually abused by her sexual harasser father, Rabbi Richard G. Hirsch. Additionally, her parents indoctrinated her with the notion that she is superior to everyone else and therefore entitled to special favors and benefits not available to others. She was what is called a Jewish-American Princess, i.e. a spoiled brat. As a result, she has spent her adult life obtaining numerous benefits to which she is not entitled and disrupting others' lives through a pattern of anti-social behavior that includes the following:

a) She has manifested an obsession with sex, manipulating gullible men in positions of power with sex, or alternatively aggressively committing criminal deviate conduct against unsuspecting men, and then blackmailing them with threats that she will accuse them of raping her. She also, with the acquiescence of defendants, forces women and subordinates to perform oral copulation on her.

b) She is extremely vindictive, conferring on herself to viciously retaliate for any real or perceived slight. She also regularly flies into rages of extreme, uncontrolled jealousy, seeking to destroy anyone who obtains a benefit that she does not also obtain. In her mind, life is a zero sum competition: anyone else's gain is, by definition, her loss.

c) She disrupts the functioning of organizations of all types: businesses, schools, nonprofits,

17

government, by inducing office staff to falsify organization records and to help her steal money from the organization's treasury, and by forging officers' signatures to documents.

d) She has abused her status as an alleged physician to invade the confidential medical records of individuals who were never her patients. She then places this and other damaging information in files, which she maintains for use as blackmail.

e) She seeks to portray herself as an upstanding citizen, one of the intellectual, cultural, and religious elite, even as she works behind the scenes to manipulate scapegoats to do her "dirty work" for her, with intent that others will take her punishment. Even as she is indulged with undeserved praise and pampered with unearned benefits, she childishly whines that she is being treated "unfairly."

f) She abuses controlled substances and has induced many other individuals to do the same, by both causing them extreme stress and overtly offering them the drugs.

g) When caught in an act of misconduct, she slides into one of her aliases, or alternatively invents bizarre, outlandish rationalizations to excuse her misbehavior, or whimpers with pseudo remorse.

78. Defendants Faye Craig, Deborah Bram, Caryn Vogel, Jacqueline Hobbs, David G. Moscrip, and Sanjay Mishra, who claim to be mental health professionals, abuse that claimed status to accommodate Ora Hirsch Pescovitz's anti-social conduct.

79. Defendant individuals and organizations have wholeheartedly embraced Ora Hirsch Pescovitz's maladaptive behavior pattern, accommodating her jealousy and insatiable thirst for gratuitous sex as a means to exploit her as their tool in their own pursuit of power and other people's money. They accomplish this through various means, including election violations and abuse of the criminal justice system to commit intimidation. Syndicate members have no moral scruples and no family values whatsoever: they are tearing apart civilized society for their own selfish gain.

80. Syndicate members have sought to conceal their activities by using a code in which common words are given sexual meanings. Thus, those who use oral sex as barter are termed "friends" who "like" each other, "talk" to each other, and "want" each other. They characterize themselves and their

18

actions as "good." The sexual barter begins with the individual holding the position of power asking, "What can I do for you?" Another introductory remark, particularly between women, is, "I like your ....(dress, shoes, etc.)." Oral copulation in exchange for material favors, i.e. prostitution, follows. In this scheme, they conveniently erase their misdeeds by simply taking two weeks' vacation. They euphemistically term this criminal behavior "politics." Strange but true.

81. Because Syndicate members have perpetrated a relentless pattern of exploiting me, plaintiff Carolyn Herz Srivastava, in pursuit of power and wealth for themselves, I have now decided to rename the Syndicate as the "Exploit Carolyn Srivastava Gang."

## C. Career-related injuries

82. I (plaintiff) have a Ph.D. degree from Cornell University, and anticipated a career in academic biomedical research and teaching. The Exploit Carolyn Srivastava Gang derailed those aspirations. Their maltreatment of me began at IUSM, where I was employed in various academic positions during the period June 1987 through June 1996, the last three years of that period as a tenure-track assistant professor in the Department of Pediatrics.

83. Defendant Ora Hirsch Pescovitz boasts that she received her undergraduate and medical degrees from Northwestern University's combined degree Honors Program in Medical Education, and that pediatric endocrinology is her medical specialty. She has never had any special training or certification in any mental health profession.

84. Ora Hirsch Pescovitz, who employed her trademark sex+haranguing to maneuver herself into a position as head of the Section of Pediatric Endocrinology in the IUSM Department of Pediatrics in 1988, has manifested a burning desire to perform biomedical research as a so-called "physician-scientist." Because she lacks the ability and temperament and failed to obtain the requisite training to perform the research herself, she has sought to recruit women with Ph.D.'s to be her research slaves and scapegoats. I was trapped into that role as a result of her harassing, haranguing, and manipulating IU administrators into forcing me to work for her if I wanted to perform biomedical research at all.

85. IU administrators and Ora Hirsch Pescovitz, supported by defendants Marion County Prosecutor's Office, MCSD, Evan Bayh, David F. Hamilton, and Marion Superior Court judges, perpetrated *quid pro quo* sexual harassment at IUSM.

86. I expressed opposition to the sexual harassment. To punish me, as well as to discredit my complaints about her and accommodate her own inflamed jealousy, Ora Hirsch Pescovitz sought to destroy me: She removed all accurate positive documents from my IU personnel files and replaced them with documents containing false, extremely libelous allegations about me. She engineered the non-renewal of my faculty contract, even though I was meeting the reasonable expectations of the job. She spread false malicious gossip far and wide that I perpetrated research misconduct when it was really she who perpetrated research misconduct. IU let her get away with this.

87. Ora Hirsch Pescovitz's most damaging IU attack on me came in November 1994. She stole psychiatry department letterhead stationery on which she drafted a very unprofessional-looking letter to which she forged the name and signature of a psychiatrist, and which purported to diagnose someone named "Carol Srivastava, Ph.D." with various mental illnesses.[3] Ora Hirsch Pescovitz placed the letter in my IU personnel files and also spread it far and wide as libelous gossip, with clear intent to defame me. In collaboration with male identity thieves posing as psychiatrists, she conned David F. Hamilton into using the forged letter, to this day, to intentionally stereotype all Jewish women as crazy and incompetent, and to intentionally viciously attack me personally. I do not know who Carol Srivastava is, but that has never been my (plaintiff's) name, and I have never used that name.

88. The reality is that an IUSM psychologist characterized me, plaintiff Carolyn Herz Srivastava, as "very responsible."

89. Through her actions, Ora Hirsch Pescovitz maliciously destroyed my biomedical research

---

[3] There exists a volume entitled *Diagnostic and Statistical Manual of Mental Disorders* that, as its name implies, contains the names of all of the psychiatric illnesses recognized in the United States. The manual is readily available to the general public, either in public libraries or for purchase in bookstores. A malevolent individual can easily leaf through the manual and pick out scary-sounding alleged diagnoses to apply to the target of choice. No particular knowledge or education, or even personal acquaintance with the target is required.

career, thereby ensuring that I will never, ever perform research for her again. She has also maliciously impeded my efforts to obtain other employment and admission to law school.

90. Smith College has a very active alumnae association, of which I am a lifetime member, with local clubs throughout the country. I was a member of the Indianapolis Smith Club for several years, during which time Ora Hirsch Pescovitz, likely with the support of malicious gossip by Wendy Lindquist, characteristically disrupted my interactions with club members.

91. Smith College occasionally sponsors events in Chicago, Illinois, to which I am invited. One such event took place in the evening of April 13, 2010. I had planned to attend the event, reserving a space and making arrangements for transportation and overnight accommodations. I did all of this online, which would subject me to defendants' monitoring. At the last minute I decided not to attend.

**D. Big Brother Government perpetuation of the anti-Jewish Indiana Inquisition**

92. Even after I left my employment with IU, I could not escape Ora Hirsch Pescovitz and her Exploit Carolyn Srivastava Gang. She is not the only identity thief. She and other Gang members including Linda Major, Saroj Shah, Becky Sayre, Kristin MacBain, Mitzi Graham, S. Anne Burcham, Sharon Murphy, Elizabeth Drake, Caryn Vogel, Jacqueline Hobbs, Sandy Sasso, and Leslie Page have committed identity theft against me, engaging in criminal and other misconduct and taking legal action in my name, so that I will receive the blame and punishment for their misbehavior, and they may receive undeserved benefits. Other defendants falsely identify them as I. The uniqueness of my name facilitates this maladaptive activity.

93. When apprehended for her crimes, Ora Hirsch Pescovitz glibly gives my name as the perpetrator, such that there are likely numerous secret court files purporting to convict me of crimes that were really committed by Ora Hirsch Pescovitz. Her criminal record in her own name is also kept secret.

94. Ora Hirsch Pescovitz is such an inveterate substance abuser and irresponsible spendthrift that a discretionary trust was set up to provide her with a modest income to pay her living expenses. In order to supplement that income, she has long perpetrated an illegal drug trade, dealing both illegal substances

21

and using her status as an alleged physician to deal in prescription controlled substances. Mark Pescovitz was not an active participant in her drug business, but apparently knew enough that authorities began investigating him. In response, he committed suicide via a motor vehicle crash in December 2010.

95. Defendants Marion County Prosecutor's Office and Marion Superior Court have used Ora Hirsch Pescovitz's drug dealing in the name Carolyn Srivastava as an excuse to monitor all of my activities, including using Saroj Shah to record everyone who visit my home. to report them to nosy busybody Ora Hirsch Pescovitz, to enable her to interfere in and disrupt my life. For example, Big Brother Government prohibits me from attending private social gatherings at other people's homes, hosting such gatherings at my home, or even meeting friends for coffee in a restaurant because nosy busybody Ora Hirsch Pescovitz will erupt into an enraged, jealous temper tantrum. They also allow her to interfere in and disrupt my relationships with businesses from which I purchase goods and services.

96. I, plaintiff Carolyn Herz Srivastava, aka Carolyn Srivastava, have never in my life used illegal drugs or dealt in controlled substances. I am concerned, however, that the Exploit Carolyn Srivastava Gang will try to frame me, Carolyn Herz Srivastava, by planting drugs in my home or car. Framing the innocent for the crimes of the guilty is certainly not a novel idea.

97. Despotic government officials also have given Ora Hirsch Pescovitz and others email accounts in the name Carolyn Srivastava or something similar, with intent that they send pornographic and/or threatening email messages purporting to have been sent by me. Every time I send an email message, they follow right behind with one of their threatening, pornographic communications, so recipients will respond with hostility toward me.

98. Marion Circuit and Superior Courts, along with the Marion County Prosecutor's Office, James Payne, MCSD, IMPD, and Ora Hirsch Pescovitz, have executed *de facto* government takeovers of Marion County Jewish organizations, overseeing their selection of clergy and lay leaders, and directing their activities, turning them into brothels, with intent to demean and denigrate the Jewish population, accommodate the whims of Ora Hirsch Pescovitz, and personally attack me.

99. I was a dues-paying member of Indianapolis Hebrew Congregation from April 1992 until June 1999. In 1992 and 1995 I received letters from Indianapolis Hebrew Congregation conferring on me a property interest in worship and other activities there, in that they particularly contemplated my long-term participation in worship and other Indianapolis Hebrew Congregation activities.

100. I began worshipping at Congregation Beth-El Zedeck ("Beth-El") in September 2003, and subsequently applied for membership there. In December 2003, I received a letter from the president welcoming me to membership in Beth-El. Also in December 2003, another member of the Beth-El Board of Directors telephoned me to discuss my membership dues.

101. In September 2007, in response to payment of $90.00, I received a receipt welcoming me to worship at Congregation B'nai Torah ("B'nai Torah") "throughout the year."

102. Agents of Shaarey Tefilla have employed slanderous gossip about me to try to force me to worship there against my will, in order to obtain control of my money and use me as their tool.

103. Defendants Marion Circuit and Superior Courts, Marion County Prosecutor's Office, MCSD, Ballard's IMPD, and Shaarey Tefilla employ false allegations of mental illness as an excuse for bullying the vulnerable and denying Jews, including me, free exercise of religion. In order to accomplish this, they recruited Eric Bram to concoct and spread lies about me, including a bizarre (and false) claim that I left my coat in his office closet on a frigid February day. He even included the allegation in an affidavit that he signed under oath, a manifestation of irrational behavior and lack of touch with reality.

104. Falsely accusing people of being mentally ill has become a profitable scam for unscrupulous health care providers and their collaborators, including defendants David G. Moscrip, Sanjay Mishra, Ballard's IMPD, Barbara Collins, Joseph Reedy, James Patton, and Med-1 Solutions.

105. Big Brother Government-run Indiana Jewish congregations are dangerous places harboring government-sponsored terrorists, including Linda Major, Mark Stoner, Sandy Sasso, Caryn Vogel, and Ora Hirsch Pescovitz, and I will not go to them. To "attend" a worship service, I listen online to services broadcast from New York City, where I would much prefer to reside. I have no freedom of religion in

23

anti-Semitic Indiana.

**E. College Park, environmental injuries**

106. The affairs of College Park Club are managed by a board of directors and officers pursuant to the provisions of the *Amended and Restated Articles of Incorporation of College Park Club, Inc.* ("Articles of Incorporation") and *Amended and Restated Code of By-laws of College Park Club, Inc.* ("By-laws"), which were recorded with the Marion County Recorder collectively as instrument number 1994-0106323, and which incorporate by reference Restrictive Covenants recorded as instrument nos. 1968-22734 (all properties); 2001-00202931 (section 5); 2001-00202932 (section 4); 2001-00202933 (section 3); 2001-00202934 (section 2); and 2001-00202935 (section 1). Under Indiana law, the Articles of Incorporation and By-Laws constitute a contract between College Park Club and its members and between and among members. These documents have served us College Park Club members well.

107. Article V, Sections 5.1 and 5.3 of the College Park Club Articles of Incorporation provide in relevant part, with respect to membership and voting:

> "**Section 5.1. Members.** Every person or entity who is a record owner of a fee interest in one or more Lots or Dwelling Units, which is or are a part of The Properties, shall automatically upon becoming an Owner of a Lot or Dwelling Unit be and become a Member of the Corporation;....

> "**Section 5.3. Classes of Members and Number of Votes.** The Corporation shall have one class of membership, of which all Members shall be a part. Each Member shall be entitled to one (1) vote for each Lot or each Dwelling Unit in an area designated "Cluster Housing" in which such Member holds the interest required for memberships by this Article V, Section 5.1 with respect to each matter submitted to a vote of Members upon which the Members are entitled to vote. When more than one (1) person constitutes the Owner of a particular Lot or Dwelling Unit, all such persons shall be Members of the Corporation, but all of such persons shall have only one (1) vote for such Lot or Dwelling Unit, which vote shall be exercised as they among themselves determine, but in no event shall more than one (1) vote be cast with respect to any such Lot or Dwelling Unit."

108. Article II, Section 2.2 of the College Park Club By-laws provides in relevant part:

> "**Section 2.2. Individual Application.** Each of the Owners within College Park Club shall automatically and mandatorily be Members in the Corporation and be entitled to all of the privileges and subject to all of the obligations thereof. All Owners, by their acceptance of their respective deeds to their Lots or Dwelling Units, covenant and agree to be bound by the conditions, restrictions, and obligations contained in the Declarations of

24

Covenants & Restrictions of College Park, said Declaration being recorded in the Marion County Recorder's Office on May 15, 1968, as Instrument No. 68-22374, together with all amendments or supplements thereto, the Articles of Incorporation, the rules and regulations of the Corporation and of the provisions hereof. All of the Owners, tenants, their guests and invitees, or any other person who might now or hereafter use or occupy a lot or Dwelling Unit or any part of the Common Properties shall be subject to the rules, restrictions, terms, and conditions set forth in the Declaration, the Articles of Incorporation, these By-Laws, and the Indiana Nonprofit Corporation Act of 1991 ...."

The Indiana Code citation of the Indiana Nonprofit Corporation Act of 1991 is Article 23-17.

109. Ind. Code § 23-17-7-5, incorporated by reference into the College Park Club By-Laws, prohibits transfer of a membership or any right arising therefrom, except as specified in the Articles of Incorporation or By-laws. The only transfer of rights permitted by the College Park Club documents is the right of members' resident family members and tenants to use the common properties, such as the pool, clubhouse, and playground, as set forth in Article V of the Articles of Incorporation:

"**Section 5.7. Member's Delegation.** Any Member may delegate his rights of enjoyment in the Common Properties to the members of his family who reside upon The Properties or to any of his tenants who reside thereon under the leasehold interest for a term of one (1) year or more."

110. Article V, Section 5.2 of the College Park Club Articles of Incorporation provides in relevant part:

"**Section 5.2. Rights, Preferences, Limitations and Restrictions of Classes.** All Members shall have the same rights, privileges, duties, liabilities, limitations and restrictions as the other Members."

111. Article X, Section 10.6 of the College Park Club Articles of Incorporation provides:

"**Section 10.6. No Private Benefit.** No money or property received or held by the Corporation shall ever inure, directly or indirectly, to the private benefit of any Member, Director or Officer of the Corporation or to any other person whomsoever except for reasonable compensation for services actually rendered to the Corporation."

112. Article IX, Section 9.2 of the College Park Club By-laws provides:

"**Section 9.2. Personal Interests.** No Member of the Corporation shall have or receive any earnings from the Corporation...."

113. Article IV of the College Park Club By-laws provides in relevant part:

"**Section 4.1. Board of Directors.** The affairs of the Corporation shall be governed and

25

managed by the Board Directors.....The Board of Directors shall be composed of five (5) persons who each own at least one (1) Lot or Dwelling Unit..."

"**Section 4.5. Duties of the Board of Directors**. The Board of Directors shall perform or cause to be performed, when and to the extent deemed necessary or appropriate in the Board's business judgment, the following:
(a) Protection, repair and replacement of the Common Properties...."

"**Section 4.8. Compensation.** No Director or Officer shall receive any compensation for his or her services as such."

The Board of Directors has imposed a reasonable requirement that, in addition to owning property in College Park, College Park Club directors must physically reside in College Park.

114. Paragraph Q of the *Amended and Restated Plat Restrictions* for College Park Sections 1 through 5 provides in relevant part:

"**Common Properties**: The areas designated "Common Properties" and/or "Common Properties--Pedestrian Easement" in other College Park additions shall be devoted to the common use and enjoyment of the owners of lots of land in this Addition of College Park and various sections thereof presently platted. Ownership, management and control over "Common Properties" and/or "Common Properties—Pedestrian Easements" shall be exclusively exercised by College Park Club, Inc......."

Paragraph P of the original 1968 restrictive covenants, which applies to Sections 6 and 7, contains essentially the same provisions.

115. Under Indiana law, directors may be held personally liable for injuries caused by reckless disregard for the rights of others and/or for intentional malfeasance.

116. For the past several years, College Park has had in place a neighborhood CrimeWatch program. According to the IMPD website, CrimeWatch is a division of the IMPD, which trains citizens not to be vigilantes, but to be extra eyes and ears for reporting crime and helping neighbors. Even though the neighborhood CrimeWatch coordinator and block captains are volunteers, they are agents of IMPD, and, as such, must comply with civil rights laws. Block captains and the CrimeWatch coordinator have instead exploited their CrimeWatch positions to perpetrate hate crimes against me and other College Park homeowners.

117. Big Brother Government defendants have allowed College Park residents, other individuals,

26

and businesses to harass me, to invade my home, and to steal and destroy my property, for the sadistic entertainment of Ora Hirsch Pescovitz, so that she will continue to serve as their tool of oppression.

118. The Gang has sought to employ termites to destroy homes in College Park. In approximately June 2000 a pest control company inspected my home, and told me that there were no termites. During the period June 2000 through June 2004 my next-door neighbors had their home treated for termites by defendant Orkin, Inc. In August-September, 2006 termite damage was found in my home.

119. Orkin has perpetrated a policy of using repellant poisons to treat termite infestations in homes, despite the availability for more than fifteen years of more specific and effective termiticides that use hormones to disrupt the insects' life cycle and eradicate colonies. Orkin's intent is not to get rid of the termites but rather to drive them to nearby homes. In conjunction with this, Orkin leaves flyers at homes near that of the customer, so that when the neighboring homes become infested, they will seek pest control service from Orkin. Additionally, Orkin dispenses termite-infested wood in residential areas, with the intent that they will start new colonies to infest residences, thereby generating business.

120. Defendant Stephen Goldsmith engaged in some questionable activities during his term as Mayor of Indianapolis. His administration allowed developers to evade compliance with the comprehensive plan, to fill Pike Township with high-density apartments and inexpensive housing developments, where homes were sold using predatory lending practices. This has depressed the property values in older subdivisions such as College Park, as well as filling the schools with underachieving and misbehaving students, making homes in Pike Township more difficult to sell.

121. In approximately 1980 land south of College Park on West 86th Street was sold to a non-profit to build federally subsidized apartments, named Park Regency, for the elderly. An average maximum density of three units per acre for the land was required, resulting in open land north and south of the apartments to balance out the higher-density apartments, but the original planning documents mysteriously disappeared during the Goldsmith administration. The land was divided into three separate par-

cels in 1998, and in approximately 2006 the middle parcel containing the apartments was sold to a private for-profit developer. In this manner, the average density requirement could be disregarded.

122. The 5 acres of open land between the Park Regency apartments and the College Park subdivision, Marion County parcel # 6027008, is now up for sale. According to commitments recorded with the Marion County Recorder as instrument 1984-30205, College Park Club, Inc. owns a small piece of the property. Paragraph 2 of the Commitments provides in relevant part:

> "Prior to, or contemporaneously with, the issuance of an Improvement Location Permit, CLDC [College Life Development Corporation] shall quitclaim to the Association [College Park Club, Inc.] all right, title, and interest it may have in and to the wall, light fixtures and electric lines serving same, which is immediately south of Barnard Street on the east side of Colby Blvd."

I am concerned that the land will be used for construction of yet more unnecessary high-density housing that will further depress the value of College Park homes and impair our quality of life.

123. In 2010 defendant Gregory Ballard announced that he would sell the Indianapolis water company, to obtain some quick cash to fix up roads and other infrastructure in aid of his personal re-election campaign. We citizens would then pay in the future in the form of greatly increased water and sewer rates. Moreover, since he announced his intent, the quality of our water has decreased significantly. It has become much harder than it was before. Gregory Ballard has certainly become power-mad.

**F. Disruption of my son's education; abusive state medical school environment**

124. Defendants are constantly on the prowl for money to steal. Additionally, as is typical for organized crime, they have sought, since my son Benjamin Srivastava ("Benjamin") was a young child, to enhance my pain and appease their jealousy by attacking him. They have tried to falsely characterize him as a behavior problem, instigated giving him lower grades than he earned, and used him as a scapegoat for the misbehavior of others. As a mother, I will always be concerned about my son's welfare, no matter how old he is. I would also like grandchildren.

125. Benjamin's father and defendant Jacqueline Hobbs moved to Florida, where they took faculty positions at the University of Florida College of Medicine ("UFCM"), in 2004. Benjamin began

medical school at UFCM in August 2008. Apparently under pressure from defendant Jacqueline Hobbs, who has sought to use him as a tool to advance her own career, Benjamin had applied only to UFCM. He has expressed a preference for IUSM. Hobbs has used her position to claims to be Benjamin's mother (she is only fifteen years older than he), and, in collaboration with Ora Hirsch Pescovitz, to intimidate him away from associating with me.

126. To punish me for refusing to engage in deviate sexual conduct with them and to discredit my complaints against them, defendants have exploited Ora Hirsch Pescovitz as a tool to interfere in and disrupt Benjamin's education and career.

## G. Previous litigation

127. In order to obtain relief for injuries inflicted by the Exploit Carolyn Srivastava Gang, I have pursued litigation in federal and Indiana state courts. I have represented myself in every case to which I have been a party, initially because Ora Hirsch Pescovitz had intimidated attorneys away from representing me, but subsequently because I enjoy studying and arguing law, as well as managing my own cases and devising my own litigation strategies.

128. For each civil case that I initiated, I paid the applicable filing/appellate docketing fee out of my own personal funds and complied with the other requirements for initiating an action/appeal. In so doing, I acquired a property interest in a fair hearing of my claims pursuant to the relevant statutes, court rules, and judicial opinions.

129. I spent many hours researching the relevant procedural and substantive law, assiduously considering each proposed defendant, and carefully drafting my complaints and briefs. I personally prepared all of the paperwork for service of process on the defendants in my cases.

130. In order to discredit my complaints about government malfeasance and to perpetuate their self-serving stereotype of Jewish women as incompetent crazies, Exploit Carolyn Srivastava Gang members who have been defendants in my cases have sabotaged all of my cases by recruiting Ora Hirsch Pescovitz to submit forged documents containing bizarre, pornographic ramblings and angry

rants to courts in my name in place of my real filings, what constitutes the crime of unauthorized practice of law. Ora Hirsch Pescovitz also appeared in *ex parte* trials, hearings, and secret meetings in judges' chambers to which I was not invited, falsely representing she is I. To accomplish this, defendants David F. Hamilton, James Payne, and Marion Superior Court judges have instructed court clerks to notify them as soon as I file a document, so that they can immediately submit in my name and on my behalf to the judge, *ex parte*, a forgery containing bizarre, nonsensical, often pornographic or threatening ramblings.

131. Ora Hirsch Pescovitz has also been permitted to exert unauthorized control over my filing fees, to secretly submit parallel, really frivolous complaints directly to judges in my name and without my knowledge. In order to steal my money for themselves, defendants have used Ora Hirsch Pescovitz's frivolous and meritless "lawsuits" brought in my name to claim for themselves alleged "attorney fees" from me based on the drivel submitted by Ora Hirsch Pescovitz. James Payne, David F. Hamilton, Gerald Zore, and Evan Bayh have employed this pretext to divert more than $70,000.00 of my personal money into their own pockets, to fund election campaigns of bad candidates. By their actions, defendants have, effectively, been filing frivolous lawsuits against themselves.

132. I commenced Lake Superior Court case no. 45D04-0912-PL-00119 on December 30, 2009. On January 28, 2010, some defendants removed the case to the U.S. District Court for the Northern District of Indiana, where it was assigned no. 2:10-cv-00053-PPS-PRC.

133. Because of the defendants' persistent fraud and forgeries, along with preventing me from engaging in discovery to obtain evidence generally and intimidating witnesses from testifying, I have never had a full and fair opportunity to litigate any of the cases to which I was a party.

134. As part of the litigation, I have filed numerous affidavits and verified motions in legal proceedings in federal courts continuing up to the present, and have testified orally. Thus, I have been a witness, informant, and party in federal official proceedings.

135. During the periods December 31, 2005 through March 31, 2006 and December 30, 2009

30

through November 2010, I have, through litigation documents, stated claims of racketeering offenses to federal law enforcement officers: United States attorneys and the Attorney General of the United States. Thus, I provided truthful information about possible commission of crimes to law enforcement officers.

## H. Other allegations

136. Ind. Code §§ 34-11-2-11 and 34-11-8-1, and Ind. Trial Rule 60 (B) allowing collateral attacks on judgments obtained by frauds upon the court are invoked.

137. Because I did not receive a full and fair hearing of my claims in any case to which I was a party, *res judicata* and collateral estoppel do not apply to any of my claims.

138. So-called "judicial immunity" is not a valid defense: Ind. Code §§ 33-23-13, 33-38-12, and 33-39-9 specifically contemplate suits against judges and prosecutors. Additionally, "judicial immunity" was abolished by the Federal Courts improvement Act of 1996, Public Law 104-317. Thirdly, Article III of the *Constitution of the United States* grants no immunity to judges and prosecutors from suit under the U.S. laws and Constitution. Judges receive so many taxpayer-funded perquisites, with so little oversight, that many have become arrogant, lazy bullies, capriciously dismissing cases with which they do not wish to bother themselves, ruling in response to bribes and other selfish interests, and claiming unlimited "jurisdiction" to do whatever they want wherever they want.

139. The case *Rotella v. Wood*, 528 U.S. 549 (2000), incorrectly asserts that civil actions brought pursuant to the RICO statutes have a four year statute of limitations that begins to run with the first predicate offense. The decision ignores the plain wording of 18 U.S.C. § 1961 (5), which requires at least two predicate offenses to form a pattern of racketeering activity and which specifically provides for a maximum of **ten** years between predicate offenses, and, in combination with the Clayton Act on which it was modeled, a statute of limitations of four years after the **last** predicate offense. Thus, *Rotella* was wrongly decided and should not be used as controlling authority.

140. With respect to federal criminal offenses, 18 U.S.C. § 2 provides as follows:

"**§ 2. Principals**

31

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

141. The Indiana Racketeer Influenced and Corrupt Organizations statute, Ind. Code § 35-45-6-1, requires that the last of the incidents in the required pattern of racketeering activity have occurred within five (5) years after a prior incident of racketeering activity. Ind. Code § 34-11-2-6 prescribes a five-year statute of limitations for actions against public officers growing out of liability incurred during official acts or omissions. Ind. Code § 34-11-2-7 prescribes a six-year statute of limitations for relief against frauds. Ind. Code § 34-11-5-1 allows tolling of the statute of limitations when the person liable conceals facts from the knowledge of the person entitled to bring an action.

142. Many defendants are practicing attorneys, each of whom receives an individual professional license based on his/her own education and knowledge. Therefore, each may be held personally liable for his/her unlawful acts, even if the acts were committed based on incorrect advice of another attorney. Additionally, even if defendant private attorneys acted in response to requests initiated by their clients, they have a legal obligation pursuant to Ind. Code Chapter 33-43-1 and the Code of Professional Conduct to comply with the laws of the United States and the state in which they are practicing, to inform themselves of all of the relevant facts, and to refrain from commencing frivolous actions.

143. Yes I am aware that this complaint is longer than average, with more defendants than average. Yes I am aware that I am suing powerful government officials who can squash me like a bug.

### III. STATEMENT OF LEGAL CLAIM

144. I (plaintiff) support the following claims by reference to the previous paragraphs of this complaint:

145. **Count I.** Abuse of process: During the period February 5-8, 2010, James Payne, in collaboration with Gerald Svetanoff, filed with the U.S. District Court for the Northern District of Indiana and Lake Superior Court a *pro se* "counterclaim" of defamation against me (plaintiff). He willfully commit-

32

ted improper acts in the proceeding: he referenced court proceedings, which are absolutely immune from defamation actions; he did not place a caption on his complaint; he filed the same complaint simultaneously with two different courts; and he did not serve me with process as required by *Fed.R.Civ.P.* 4 and 5 and Ind. Trial Rules 4 and 5. The intent of the counterclaim was not to obtain relief for any real injuries. Rather, James Payne had the ulterior motives of retaliating against me for opposing his misconduct and of creating a pretext to force me to pay for his continuing legal education credits.

146. **Count II.** Malicious prosecution: During the period February 5-8, 2010, James Payne, acting out of malice and without probable cause, filed with the U.S. District Court for the Northern District of Indiana and Lake Superior Court a *pro se* "counterclaim" containing vague allegations of defamation against me. The counterclaim was resolved in my (plaintiff's) favor by dismissal in April 2010.

147. **Count III.** Violation of civil rights pursuant to 42 U.S.C. § 1983: During the period from at least 1999 up to the present, Marion Circuit and Superior Courts and the Marion County Clerk's Office have maintained a policy of falsifying Chronological Case Summaries ("CCS's") to fabricate records of proceedings that never actually occurred, to use innocent people as scapegoats for criminals, and to mix up records from different cases and even different jurisdictions, such that no court record can be presumed to be accurate. Judges of the court have also arbitrarily concealed court proceedings from the public and from parties to the proceedings, allowed favored attorneys and litigants to forge alleged "orders" using judges' signature stamps and printed unsigned postcards, aggressively taken advantage of *pro se*, non-attorney litigants, and entered allegations of judgments into CCS's in the absence of actual signed judgments, thereby depriving both civil litigants and criminal defendants of our legal right to take appeal. Thus, we litigants who behave with integrity are denied the right to petition the government for redress of grievances and are deprived of liberty and property without due process of law, in violation of the First and Fourteenth Amendments to the *Constitution of the United States*. These practices also violate Article I, § 12 of the *Constitution of the State of Indiana*.

148. **Count IV.** Violation of civil rights pursuant to 42 U.S.C. § 1983: During the period from at

33

least 1999 up to the present, Marion Superior Court and the Marion County Prosecutor's Office have maintained policies of unlawfully depriving citizens of liberty based on so-called affidavits for probable cause that contain major defects on their faces, and charging informations that are so vague that no competent judge would allow the cases to proceed to trial, and then to torture juries into convicting innocent citizens of major felonies that they plainly did not commit. They also use fraudulent allegations of "mental illness" to terrorize innocent citizens with unlawful detentions and to extort money as fees for alleged "professional services." Thus, defendants are deprived of liberty without due process of law, of the right to trial by jury, and the right to be informed of the nature of the accusations, and potentially the right not to be twice put in jeopardy for the same offense, in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the *Constitution of the United States*. These practices also violate Article I, §§ 11, 13, and 14 of the *Constitution of the State of Indiana.*

149. **Count V**. Violation of civil rights pursuant to 42 U.S.C. § 1983: In spring-summer 2010, the Indiana Judicial Nominating Commission knowingly nominated an unqualified individual who exhibited profound ignorance of basic legal principles, about which they knew because I personally provided them with evidence, as the only woman among its nominees, thereby ensuring that the Indiana Supreme Court remains one of only two all-male state supreme courts. This denies us women the equal protection of the laws, in violation of the Fourteenth Amendment to the *Constitution of the United States*, as women have a different perspective from men on many critical matters, and court decisions have wide-ranging effects even for those who never enter a courtroom.

150. **Count VI**. Violation of the Fourteenth Amendment to the *Constitution of the United States* pursuant to 42 U.S.C. § 1983: I filed a complaint with the Indiana Supreme Court Commission on Judicial Qualifications containing well-documented allegations of misconduct committed by defendant Gerald Zore, in March 2010 with a supplement in December 2010. It was summarily dismissed without any explanation, in violation of the Indiana Supreme Court rules, and in violation of basic due process (Fourteenth Amendment): we taxpayers are funding a cover-up of judicial misconduct. My experiences lead

34

to the inevitable conclusion that the Indiana Supreme Court supports judicial incompetence and intentional malfeasance, as well as framing innocent, highly qualified judges for the misconduct of others. Additionally, of the seven members on the Commission, only one is a woman.

151. **Count VII**. Neglect to prevent civil rights violations pursuant to 42 U.S.C. § 1986: In March 2010 and December 2010 I informed the Indiana Supreme Court Commission on Judicial Qualifications of numerous violations of 42 U.S.C. § 1985 (2) by Gerald Zore, and they have refused to take action to remove him from office, thereby allowing him to collaborate in court actions in Tennessee courts from July 2010 up to the present designed to deprive me of my inheritance, to injure me for pursuing litigation against him in U.S. district courts.

152. **Count VIII**. Racketeering. Defendants have used money obtained from a pattern of racketeering activity against plaintiff and against others to set up and maintain an enterprise, which engages in interstate commerce. The enterprise, which has as its purposes the subjugation and enslavement of innocent citizens, particularly women, the indigent, ethnic and religious minorities, and political opponents under the pretext of "law enforcement;" use of court actions to extort money from citizens to fund the enterprise and enrich its members; maintenance of government power through election fraud and intimidation; and retaliation against me (plaintiff) for opposing sexual harassment and other government malfeasance, activities prohibited by 18 U.S.C. §§ 1962 (a), 1962 (b), and 1962 (d). Racketeering that has injured me (plaintiff) in my business and property includes the following predicate offenses:

a. Dealing in controlled substance: From January 1994 through October 1995, Ora Hirsch Pescovitz knowingly delivered mind-altering controlled substances to me in my workplace at IUSM without my knowledge or consent by secretly drugging my coffee.

b. Fraud in connection with identification documents pursuant to 18 U.S.C. § 1028: In 1995-1996, Ora Hirsch Pescovitz and IU administrators intentionally used my identification information, name and social security number, to falsely allege to the National Institutes of Health ("NIH"), part of the U.S. government, that I committed research misconduct, when it was really Ora Hirsch Pescovitz

35

who committed research misconduct using my name, thereby committing identity deception, a felony. Thus, a research proposal that I submitted to the NIH that otherwise would have been funded was denied funding on the basis of the false defamatory information.

c. Robbery: From November 1994 until March 1995 and from November 1995 until June 30, 1996 Ora Hirsch Pescovitz, in collaboration with IU administrators, David F. Hamilton, Marion Superior Court judges, Marion County Prosecutor's Office, James Payne, and Evan Bayh, knowingly and intentionally took my contractual property interest in accessing IU research facilities as an IU faculty member by force, using IUPUI police to place me in fear of physical harm to myself.

d. Tampering with witness, 18 U.S.C. § 1512: I filed a timely motion for alteration of judgment pursuant to *Fed.R.Civ.P.* 59 (e) in June 1999 in U.S. District Court for the Southern District of Indiana case no. IP98-0242 C H/G. Ora Hirsch Pescovitz, David F. Hamilton, Evan Bayh, and IU representatives knowingly and intentionally employed intimidation and misleading conduct toward me, through a threatening phone call on July 6, 1999 promising to steal my money, with intent to induce me to withhold records, documents, and testimony from further litigation of the case.

e. Obstruction of justice, 18 U.S.C. § 1503: On August 26, 1999 defendant David F. Hamilton, in collaboration with Evan Bayh, Ora Hirsch Pescovitz, and IU representatives, launched an angry tirade of wild and threatening accusations against me (plaintiff) that were totally false, threatened to take a considerable amount of my money for exercising my legal right to pursue remedies in court, and then stalked out of the room in an angry huff; he thereby corruptly and by threats endeavored to impede the due administration of justice.

f. Wire fraud, fraud in connection with identification information, 18 U.S.C. §§ 1341 and 1028: During the period from at least 1996 up to the present, defendants Ora Hirsch Pescovitz, James Payne, Marion County Prosecutor's Office, Linda Major, David F. Hamilton, and Marion Superior Court judges, having devised a scheme to defraud me of my privacy, fabricated false accusations that I allegedly engage in dealing in controlled substances when it is really they who deal in controlled sub-

36

stances, thereby using my name and social security number without lawful authority, and caused the allegations to be transmitted by wire in interstate commerce, in aid of felony voyeurism and intentional dissemination matter harmful to minors, Ind. Code § 35-45-4-4 (b)(1): placing hidden video and audio recorders in my home, to satisfy their prurient interest in sex by intentionally creating photographs of my naked body and transmitting them to minor children.

g. Mail fraud, 18 U.S.C. § 1341: David F. Hamilton, Marion County Prosecutor's Office, Deborah Bram, Shaarey Tefilla, Linda Major, James Payne, Evan Bayh, Gerald Zore, Sandy Sasso, and Ora Hirsch Pescovitz, having devised a scheme to defraud me of my property: my contractual interest in peacefully participating in worship and other religious activities at the Indianapolis Hebrew Congregation as a dues-paying member, sent a letter to me dated January 22, 1999 via United States mail falsely alleging that I had committed crimes that they have subsequently admitted were really committed by Ora Hirsch Pescovitz.

h. Wire fraud, fraud in connection with identification information, 18 U.S.C. §§ 1341 and 1028: On or about January 27, 1999 Marion County Prosecutor's Office, Deborah Bram, Linda Major, James Payne, David F. Hamilton, and Ora Hirsch Pescovitz created and distributed four pornographic e-mail messages, which they falsely claimed were generated by me, thereby using my name without lawful authority, and caused them to be transmitted by wire in interstate commerce. They then, in February-March 2000 presented and used the e-mails in Marion Superior Court case number 49F16-9902-DF-025481 to mislead a judge and jury, thereby devising a scheme to defraud me out of my positive reputation, to aid in commission of felony identity deception and obstruction of justice.

i. Retaliation against party/witness pursuant to 18 U.S.C. § 1513: In order to employ a bogus felony prosecution to punish me in 1999-2000 for pursuing litigation in federal court, case numbers IP97-0704-C-M/S and IP98-0242 C H/G, defendants Evan Bayh, David F. Hamilton, Marion Superior Court, Mark Stoner, Marion County Prosecutor's Office, Linda Major, Ora Hirsch Pescovitz, and Deborah Bram knowingly and intentionally collaborated to have Ora Hirsch Pescovitz stalk Eric Bram in my

name, employing the deception to threaten to commit bodily injury against me if I peacefully worshipped at the Indianapolis Hebrew Congregation.

j. Fraud in connection with identification information, 18 U.S.C. § 1028 (7): During the period February 1999 through March 10, 2000 defendants Evan Bayh, IU administrators, David F. Hamilton, Marion Circuit and Superior Courts, Marion County Clerk's Office, Mark Stoner, Marion County Prosecutor's Office, Ora Hirsch Pescovitz, Deborah Bram, and Shaarey Tefilla knowingly, without lawful authority, used my name, address, and social security number to transfer information electronically in interstate commerce into a national database of a stalking prosecution allegedly against me, Marion Superior Court case no. 49F16-9902-DF-025481, when they knew the real perpetrator was Ora Hirsch Pescovitz, with intent to commit felony identity deception and aid in commission of felony intimidation.

k. Wire fraud: In approximately December 1999, Marion Superior Court, Marion County Prosecutor's Office, Marion County Clerk's Office, Deborah Bram, and Ora Hirsch Pescovitz, having devised a scheme to defraud me of my liberty to obtain employment for which I am qualified and positive reputation, intentionally entered into the Chronological Case Summary of then case number 49-F16-9902-DF-5481 a false notation that I had failed to appear for a hearing, when in fact I had appeared for the hearing (which is also subsequently noted), and have sent it by wire in interstate commerce.

l. Mail fraud: Having devised a scheme to defraud me of my property interest in worshipping at the Indianapolis Hebrew Congregation, defendants Evan Bayh, James Payne, David F. Hamilton, Gerald Zore, Mark Stoner, Marion County Prosecutor's Office, MCSD, Linda Major, Ora Hirsch Pescovitz, Sandy Sasso, Deborah Bram, Shaarey Tefilla, and Benjamin Sendrow as successor to Arnold Bienstock sent me a letter dated June 12, 2000 and which I received on June 17, 2000, threatening me with arrest for going to the Indianapolis Hebrew Congregation, thereby communicating the false information that I was disruptive when they knew that that it was really Ora Hirsch Pescovitz who was disrupting the activities of the Indianapolis Hebrew Congregation using my name.

m. Robbery: On April 13, 2001, David F. Hamilton, Evan Bayh, Ora Hirsch Pescovitz, Mari-

on County Prosecutor's Office, Linda Major, MCSD, Gerald Zore, Deborah Bram, Mark Stoner, and James Payne took my car, which was legally in my possession, away by using threat of force.

n. Conspiracy to commit kidnapping (Ind. Code § 35-42-3-2): On April 13, 2001, MCSD, David F. Hamilton, Evan Bayh, Ora Hirsch Pescovitz, Marion County Prosecutor's Office, Gerald Zore, Deborah Bram, Mark Stoner, Shaarey Tefilla, and James Payne knowingly and intentionally caused me to be moved by force from the Indianapolis Hebrew Congregation to a place of confinement, and extorted ransom from me.

o. Retaliation against witness, 18 U.S.C. § 1513 (b): On July 30, 2001 I attended an official proceeding as plaintiff in the case *Srivastava v. Cottey, et al.*, U.S. District Court for the Southern District of Indiana case no. IP01-0744. To retaliate against me, defendants MCSD, Ora Hirsch Pescovitz, Marion County Prosecutor's Office, Linda Major, Gerald Zore, Deborah Bram, Mark Stoner, Shaarey Tefilla, and James Payne physically harmed me by kidnapping me and subjecting me to criminal confinement and committed carjacking against me on August 31, 2001.

p. Conspiracy to commit kidnapping (Ind.Code § 35-42-3-2): On August 31, 2001, David F. Hamilton, Evan Bayh, Ora Hirsch Pescovitz, Marion County Prosecutor's Office, Linda Major, MCSD, Gerald Zore, Deborah Bram, Mark Stoner, Shaarey Tefilla, and James Payne knowingly and intentionally caused me to be moved by force from the Indianapolis Hebrew Congregation to a place of confinement, and extorted ransom from me.

q. Robbery: August 31, 2001, David F. Hamilton, Evan Bayh, Ora Hirsch Pescovitz, Marion County Prosecutor's Office, Gerald Zore, Deborah Bram, MCSD, Mark Stoner, Shaarey Tefilla, and James Payne took away my car, which was legally in my possession, by using threat of force.

r. Bribery: On or about July 12, 2002, defendant Gerald Zore, a public servant, took money from the Indianapolis Hebrew Congregation to influence his official acts: he conducted an *ex parte*, off-the-record trial in which defendant Linda Major, who had committed trespass using my name, exerted unauthorized control over my identification information to be convicted of trespass in my name, and to

enter into the CCS a false allegation of conviction.

s. Mail fraud: Defendant Mark Stoner's probation agent, having devised a scheme to defraud me (plaintiff) out of my money, sent me letters dated June 5, 2003 and June 20, 2003 via U.S. Postal Service falsely alleging that I owed him $183.00, to be paid to the probation office, not the Clerk (?).

t. Mail fraud: Mail fraud: Defendant Mark Stoner's probation agent, having devised a scheme to me (plaintiff) out of my money, intentionally sent me a fraudulent "Notice of Probation Violation" dated July 1, 2003 via U.S. Postal Service.

u. Fraud in connection with identification information, 18 U.S.C. § 1028: During the period February 1999 through July 2004, defendants Ora Hirsch Pescovitz, David F. Hamilton, Gerald Zore, Mark Stoner, Marion County Prosecutor's Office, Linda Major, Sandy Sasso, S. Anne Burcham, and James Payne, knowingly misused my identification information, my name, address, social security number, and date of birth, to falsely "convict" me of crimes committed by Linda Major and S. Anne Burcham using the name Carolyn Srivastava, and to send a fraudulent document recording an alleged "conviction" to plaintiff by United States mail in May 2004, in order to commit robbery of $184.00 of my money by placing me in fear of harm to myself if I did not pay up, to fund their criminal enterprise, a felony under Indiana law.

v. Mail fraud: Defendants Evan Bayh, James Payne, David F. Hamilton, Marion Circuit and Superior Court judges, Marion County Prosecutor's Office, MCSD, Ora Hirsch Pescovitz, Deborah Bram, Shaarey Tefilla, and Benjamin Sendrow as successor to Arnold Bienstock, having devised a scheme to defraud me of my membership in Beth-El, intentionally sent me a letter dated February 13, 2004 by U.S. Postal Service purporting to be from the Beth-El president and falsely alleging that I had been denied membership by a unanimous vote of the board of directors but was not from the Beth-El president, as the signature and title designation were not his. Moreover, two members of the board had already welcomed me to membership in December 2003.

w. Mail fraud: Evan Bayh, James Payne, David F. Hamilton, Gerald Zore, Marion County

40

Prosecutor's Office, MCSD, Ora Hirsch Pescovitz, Deborah Bram, Shaarey Tefilla, and Benjamin Sendrow as successor to Arnold Bienstock, having devised a scheme to defraud me of my First Amendment right to worship at Beth-El and my property interest in attending a Beth-El event for which I had paid, intentionally sent me a very threatening letter dated April 28, 2005 on Beth-El letterhead purporting to have been written by the president of Beth-El but containing a forged signature, by U.S. Postal Service, falsely alleging that I sent a threatening letter when it was really Ora Hirsch Pescovitz who had secretly sent a threatening letter, with their support.

x. Mail fraud: Evan Bayh, James Payne, David F. Hamilton, Gerald Zore, Marion County Prosecutor's Office, Linda Major, Ora Hirsch Pescovitz, Deborah Bram, Sandy Sasso, Shaarey Tefilla, and Benjamin Sendrow as successor to Arnold Bienstock, Marion County Prosecutor's Office, and Ballard's IMPD, having devised a scheme to defraud me of my property interest in worshipping at Congregation B'nai Torah, for which I had paid, knowingly sent me a letter dated February 7, 2008 via U.S. mail falsely alleging that I had engaged in "irrational behavior" meriting exclusion from B'nai Torah and that the decision had been made by the B'nai Torah Board of Directors, when it was really Ora Hirsch Pescovitz and Caryn Vogel who had engaged in irrational behavior using my name, and the decision to exclude me had been made by government officials, not the B'nai Torah Board of Directors.

y. Mail fraud, wire fraud: On November 1, 2000 defendants Ora Hirsch Pescovitz, Deborah Bram, Gerald Zore, David F. Hamilton, Marion County Clerk's Office, and James Payne, having devised a scheme to defraud me of my property interest in pursuing my claims to obtain a monetary judgment, for which I had paid a filing fee, knowingly purported to "dismiss" Marion Superior Court case no. 49D03-0004-CT-000580 from under me using a signature stamp to "sign" an order of dismissal purporting to be a legitimate order signed by a judge but which was not. The notice of the false "dismissal" was sent to me via United States mail, and was transmitted via wire in interstate commerce in the electronic Chronological Case Summary.

z. Mail fraud, wire fraud: Defendants Indiana Court of Appeals, Ora Hirsch Pescovitz, Debo-

41

rah Bram, Gregory Zoeller, Marion County Prosecutor's Office, and David F. Hamilton, having devised a scheme to defraud me of my property interest in a fair hearing of my appeal, for which I had paid a docketing fee, intentionally sent communications dated May 29, 2002 via U.S. mail and wire in appeal no. 49A02-0204-CR-00278 alleging that I had filed frivolous documents and awarding my money to defendants, when it was really Ora Hirsch Pescovitz who had filed frivolous documents using my name.

aa. Mail fraud, wire fraud: Defendants Indiana Court of Appeals, Ora Hirsch Pescovitz, Deborah Bram, Gregory Zoeller, James Payne, and David F. Hamilton, having devised a scheme to defraud me of my money and my property interest in a fair hearing of my appeal, for which I had paid a docketing fee, intentionally sent communications dated April 15, 2002, May 20, 2002, and November 22, 2002 via U.S. mail and wire in appeal no. 49A02 - 0112 - CV – 00883 alleging that I had filed frivolous documents and awarding my money to defendants, when it was really Ora Hirsch Pescovitz who had filed frivolous documents using my name. Indiana Court of Appeals published its opinion, which was based on forged documents submitted in my name by Ora Hirsch Pescovitz and on Ora Hirsch Pescovitz's misconduct, and which was inconsistent with existing law and was likely not even written by a judge, in the *Northeastern Reporter*, in order to intentionally subject me to public humiliation.

bb. Mail fraud, wire fraud: Defendants Indiana Court of Appeals, Ora Hirsch Pescovitz, Deborah Bram, Gregory Zoeller, James Payne, and David F. Hamilton, having devised a scheme to defraud me of my money and my property interest in a fair hearing of my appeal, for which I had paid a docketing fee, intentionally sent communications dated February 10, 2004 via U.S. mail and wire in appeal no. 49A02 - 0305 - CV – 00456 alleging that I had filed frivolous documents and awarding my money to defendants, when it was really Ora Hirsch Pescovitz who had filed frivolous documents using my name.

cc. Mail fraud, wire fraud: On or about December 12, 2002 David F. Hamilton, Evan Bayh, Ora Hirsch Pescovitz, Deborah Bram, Gerald Zore, Marion County Prosecutor's Office, and James Payne, having devised a scheme for obtaining of $9,540.94 in assets from my financial account on false

premises, recruited Ora Hirsch Pescovitz to authorize removal of the funds from my account and payment to them in my name and then sent me by U.S. Postal Service a notice falsely alleging that I had authorized the payment. Prior to the removal, David F. Hamilton, Evan Bayh, Ora Hirsch Pescovitz, Deborah Bram, Marion County Clerk's Office, Gerald Zore, and James Payne, having devised a scheme for obtaining money from my account, placed an entry in the electronic Chronological Case Summary of Marion Superior Court case no. 49D06-0011-CP-001662 on January 8, 2002, and transmitted it in interstate commerce, falsely alleging that I owed them the money for alleged "attorney fees," when I had neither requested nor received any legal services from any of them.

dd. Mail fraud, wire fraud: On or about June 13, 2003, David F. Hamilton, Evan Bayh, Ora Hirsch Pescovitz, IU representatives, Gerald Zore, and James Payne, having devised a scheme for obtaining $22,502.43 in assets from my financial account on false premises, recruited Ora Hirsch Pescovitz, to authorize removal of the funds from my account and payment to them in my name and then sent me by U.S. Postal Service a notice falsely alleging that I had authorized the payment.

ee. Mail fraud, wire fraud: On or about June 19, 2003 David F. Hamilton, Evan Bayh, Ora Hirsch Pescovitz, Deborah Bram, Gerald Zore, Marion County Prosecutor's Office, and James Payne, having devised a scheme for obtaining $7,496.65 in assets from my financial account on false premises, recruited Ora Hirsch Pescovitz to authorize removal of the funds from my account and payment to them in my name and then sent me by U.S. Postal Service a notice falsely alleging that I had authorized the payment. Prior to the removal, David F. Hamilton, Dr. Ora Hirsch Pescovitz, Scott C. Newman, Gerald Zore, Indianapolis Hebrew Congregation, and James Payne, having devised a scheme for obtaining money from my account placed an entry in the electronic Chronological Case Summary of Marion Superior Court case no. 49D06-0011-CP-001662 on April 30, 2003, and transmitted it in interstate commerce, falsely alleging that I owed them the money for alleged "attorney fees," when I had neither requested nor received any legal services from any of them.

ff. Mail fraud, wire fraud: On or about July 9, 2003 David F. Hamilton, Evan Bayh, Ora

43

Hirsch Pescovitz, IU representatives, Wells Fargo, Gerald Zore, and James Payne, having devised a scheme for obtaining $34,467.91 in assets from my financial account on false premises, recruited Ora Hirsch Pescovitz to authorize removal of the funds from my account and payment to them in my name and then sent me by United States mail a notice falsely alleging that I had authorized the payment.

gg. Extortionate credit transactions: On or about February 23, 2005 in a filing in a previous case, Ora Hirsch Pescovitz conspired with Gregory Zoeller, David F. Hamilton, and James Payne to try to induce me to discontinue the litigation against my will by listing themselves as plaintiffs and attempting to change the case designation to CC for civil collection, to falsely allege that I owe them money.

hh. Wire fraud: On or about May 20, 2005 defendants Ora Hirsch Pescovitz, David F. Hamilton, Gerald Zore, Janice Hankins, S. Anne Burcham, Saroj Shah, Wells Fargo, and James Payne, having devised a scheme for obtaining my money by fraudulent pretenses, intentionally falsified court records, writings that are transferred by wire in interstate commerce, to allege that I owed them $12,670.29 for legal services that I neither requested nor received.

hh. Retaliation against witness/party: Defendants Ora Hirsch Pescovitz, David F. Hamilton, Gerald Zore, Janice Hankins, S. Anne Burcham, Saroj Shah, Wells Fargo, and James Payne, have employed a forged "order" dated May 20, 2005 in Southern District of Indiana case number 1:04-cv-0945-RLY-TAB to threaten to take $12,670.29 of my money as alleged "attorney fees" for legal services which I neither requested nor received, thereby threatening to damage my tangible property, in retaliation for testimony that I gave in the case, to which I am also a party.

ii. Retaliation against witness: On or about July 18, 2005 defendants David F. Hamilton, Ora Hirsch Pescovitz, IU representatives, J. Richard Campbell, Wells Fargo, and Gerald Zore took $5,341.55 in assets from my account, removing the funds without my permission, in retaliation for my testimony in U.S. District Court for the Southern District of Indiana case number 1:04-cv-0945-RLY-TAB.

jj. Mail fraud, wire fraud: On or about July 18, 2005 defendants David F. Hamilton, Ora Hirsch Pescovitz, J. Richard Campbell, IU representatives, Wells Fargo, and Gerald Zore, having de-

vised a scheme for obtaining $5,341.55 in assets from my financial account on false premises, recruited Ora Hirsch Pescovitz to authorize removal of the funds from my account and payment to them in my name and then sent me by U.S. Postal Service a notice falsely alleging that I had authorized the payment.

kk. Laundering of monetary instruments, 18 U.S.C. § 1956; Bribery: The defendants involved in taking money from my accounts described in the foregoing subparagraphs knew that the transactions resulted from unlawful activity: using pretextual court judgments as bogus authorizations, using an identity thief to authorize the withdrawal of the money in my name, and giving the money to the election campaigns of federal, state and local candidates in return for specific promises to refrain from taking law enforcement or other punitive actions against the perpetrators. They also knew that the court judgments and the checks to legitimate organizations, the Marion County Clerk's Office and the Trustees of Indiana University, were designed to conceal the real control of the proceeds of the unlawful activity, and to avoid campaign finance reporting required by Indiana and Federal Law.

ll. Mail fraud: Defendants IU representatives, Elizabeth White, David F. Hamilton, J. Richard Campbell, Prudential, Ora Hirsch Pescovitz, and Gerald Zore, having devised a scheme to defraud me of even more of my money, sent a printed postcard via U.S. mail dated January 12, 2011 in Marion Superior Court case no. 49D01-0310-PL-001914, falsely alleging that I had not prosecuted the case and that I had failed to follow the Trial Rules, when it was really opposing parties and their counsel, along with Ora Hirsch Pescovitz impersonating me (plaintiff), who had failed to prosecute the case and failed to follow the Trial Rules.

mm. Wire fraud, obstruction of justice: During the period November 23, 2004 through December 9, 2004, as part of *In re Carolyn H. Srivastava*, U.S. Court of Appeals for the Seventh Circuit case number 04-3999, defendants Ora Hirsch Pescovitz, David F. Hamilton, Evan Bayh, James Payne, City of Chicago agents, and Frances Barrow, having devised a scheme to defraud me out of a fair hearing of my petition for which I had paid a filing fee, intentionally intimidated court clerks into posting the

45

false information online that it was an appeal from a final judgment and into withholding my petition from the judges.

nn. Wire fraud, misuse of identification in interstate commerce: During the period September 2004 through July 2006, defendants David F. Hamilton, Evan Bayh, Ora Hirsch Pescovitz, Gerald Zore, and James Payne, having devised a scheme to defraud me of relief for meritorious legal claims and of employment for which I am qualified, published on the general Internet in interstate commerce, for the purpose of executing their scheme, written falsehoods that I allegedly file frivolous lawsuits and that I am allegedly mentally ill, when it is really they who file frivolous lawsuits using my name and are mentally ill. The diatribe came up as one of the first results in a Google search of my name at that time.

oo. Wire fraud, 18 U.S.C. § 1343: Defendants Marion Superior Court, Deborah Gedling, Elizabeth White, and Ora Hirsch Pescovitz, having devised a scheme to defraud me out of an accurate record of a case, for which I had paid a filing fee, transmitted writings by wire in interstate commerce, between Indiana and Ohio, in 2008, specifically, falsified allegations in the electronic Chronological Case Summary of Marion Superior Court case number 49D03-9203-DR-0436, adding events communicated interstate via electronic mail from a divorce in Ohio, falsely alleging that my ex-husband retained attorney Malcolm Kent Newton when he really retained a female attorney; falsely alleging that a praecipe for contested hearing was filed; falsely alleging that the case was resolved by bench trial in July 1993 when it was settled out of court without a hearing (Indiana law does not even allow trials in dissolution of marriage cases); and falsely alleging that so-called rulings were made by Judge Patrick McCarty, when they were really made by an impostor.

pp. Fraud in connection with identification information, 18 U.S.C. § 1028: Defendants Marion Superior Court, Deborah Gedling, Elizabeth White, and Ora Hirsch Pescovitz, in falsifying the Chronological Case Summary of Marion Superior Court case no. 49D03-9203-DR-0436 in 2008, have knowingly without lawful authority, used the name and address of Malcolm Kent Newton, transferring

46

his name and address electronically in interstate commerce, to aid in commission of wire fraud, theft of my money, obstruction of justice, and identity deception, Ind. Code § 35-43-5-3.5.

qq. Tampering with witness pursuant to 18 U.S.C. § 1512: In June 2008, July 2008, and December 2009 in the case *Srivastava v. Hamilton, et al.*, United States District Court, Southern District of Indiana, case no. 1:06-cv-0131-LJM-VSS, defendants David F. Hamilton, Ora Hirsch Pescovitz, Gregory Zoeller, Gerald Zore, and James Payne sent plaintiff forged orders purporting to have been signed by Judge Larry McKinney, and purporting to deny my motions to reopen the case, thereby engaging in misleading conduct, with intent to prevent me from testifying in the case.

rr. Mail fraud: On or about January 28, 2010, IU agents, Ora Hirsch Pescovitz, David F. Hamilton, James Payne, and Jacqueline Hobbs, having devised a scheme to defraud me of my property interest in obtaining relief for serious injuries in U.S. District Court for the Northern District of Indiana case *Srivastava v. Daniels, et al.*, no. 2:10-cv-00053 sent a document entitled "Motion to Dismiss Plaintiff's Complaint" via United States mail from Indiana to many people, including the Governor of the State of Indiana, the Lake County, Indiana Clerk of Courts, and the Chief Justice of the Indiana Supreme Court containing false, extremely defamatory allegations about me and also containing alleged court orders that were forgeries not authorized by the judges as claimed.

ss. Wire fraud, obstruction of justice: On May 13, 2010, David F. Hamilton, James Payne, Eric Holder, Ramesh Shah, Saroj Shah, and Ora Hirsch Pescovitz, having devised a scheme to defraud me out of my property interest in litigating my claims against Ramesh Shah and Saroj Shah, knowingly intimidated court clerks to enter into the electronic docket of U.S. District Court for the Northern District of Indiana case no. 2:10-cv-00053-PPS-PRC false notations that I as plaintiff personally served Ramesh Shah and Saroj Shah with process, which is not allowed by the *Federal Rules of Civil Procedure*, when, in reality, a nonparty deputy sheriff served them. The defendants had previously refused process served by the Lake County, Indiana Clerk and so the service in question was a second, but unnecessary under Ind. Trial Rule 4.16, attempt.

47

tt. Obstruction of justice: During the period January 28, 2010 through July 12, 2010, defendants David F. Hamilton, Evan Bayh, Eric Holder, James Payne, Gerald Zore, Weiss Schmidgall, Sharon Murphy, Caryn Vogel, and Ora Hirsch Pescovitz corruptly, in the litigation of U.S. District Court for the Northern District of Indiana case no. 2:10-cv-00053-PPS-PRC, endeavored to influence and intimidate Judge Philip Simon, Magistrate Judge Paul Cherry, and Clerk's office staff, by having Ora Hirsch Pescovitz steal my identity, to perpetrate bizarre and threatening behavior and secretly submit poor-quality documents in my name, to have the case summarily dismissed based on Ora Hirsch Pescovitz's misconduct and worthless filings, rather than my real filings, thereby impeding the due administration of justice.

uu. Retaliation against witness/party: To punish me for seeking redress of grievances via litigation in federal court, defendants Ora Hirsch Pescovitz and IU administrators engineered the denial of compensation to my son Benjamin Srivastava for his work for IUSM during the period May 2005 through August 2005, after he had been promised payment for his work. Since he was a full-time college student under the age of 24, what he did not earn toward his expenses, I was required to pay.

vv. Wire fraud: During the period 2007-2008, defendants Ora Hirsch Pescovitz and Caryn Vogel, having devised a scheme to defraud my son out of his rightful undergraduate grades, for which I had helped pay his tuition, in exchange for other defendants' assistance in obtaining admission to their choice of schools for their own children, collaborated with Mary Sue Coleman to induce staff in the office of the registrar of the University of Michigan to falsify his grades, to make them lower than he actually earned, and to send them electronically in interstate commerce. Ora Hirsch Pescovitz also, in collaboration with Jacqueline Hobbs, falsified my son's Medical College Admission Test scores.

ww. Tampering with victim, witness, 18 USC § 1512: On or about November 21, 2008 defendants Ora Hirsch Pescovitz, Jacqueline Hobbs, David F. Hamilton, James Payne, Gerald Zore, and Shaarey Tefilla agents sabotaged my son Benjamin's car, breaking the axle, with intent that he would be killed in an "accident," to prevent him from reporting their violent crimes in aid of racketeering activity

48

(18 U.S.C. § 1959) against him.

xx. Conspiracy to commit murder: In 2008 defendants Dr. Ora Hirsch Pescovitz, Caryn Vogel, Shaarey Tefilla agents, Jacqueline Hobbs, Gerald Zore, and James Payne agreed to cause my son Benjamin's death. In furtherance of this agreement they hired a mechanic to sabotage Benjamin's car by breaking the axle on November 21, 2008, with intent that he would be killed in a motor vehicle "accident."

yy. Extortion, Florida Statutes Title XLVI § 836.05: On or about March 12, 2010, defendants Ora Pescovitz, James Payne, Jacqueline Hobbs, and David F. Hamilton coerced my (plaintiff's) son into signing papers to take out a $24,000.00 loan for purchase of a Toyota Rav-4 in Florida that would really be used by an identity thief and telephoning me (plaintiff) to co-sign the loan by threatening to falsely accuse him of sexual assault if he refused.

zz. Extortion, Florida Statutes Title XLVI § 836.05: During the period August 2010 up to the present, defendants Jacqueline Hobbs, James Payne, and Ora Hirsch Pescovitz have maliciously threatened injury to the person and reputation including of my son, who resides in Florida, with intent to compel him to refrain from contacting me or responding to my telephone calls, against his will.

aaa. Wire fraud: In January 2004 defendants David F. Hamilton, Ora Hirsch Pescovitz, Leslie Page, and Michael Page, having devised a scheme to defraud me out of my money and positive credit history, stole a credit card statement from my mailbox, changed the billing address on my account via the Internet in interstate commerce to a false address in Chicago, and made unauthorized charges on the account, which were transmitted in interstate commerce.

eee. Mail fraud: Defendants George MacBain and Kristin MacBain, having knowingly devised a scheme to defraud me of my right to enjoyment of my property and my money, sent me a letter dated July 9, 2007 falsely alleging that I had made false allegations against Kristin MacBain, had sent email messages to her young daughters, and file frivolous lawsuits, when in reality they had recruited

49

Ora Hirsch Pescovitz to take those actions in my name. Thus, Kristin MacBain shares adult material on her computer with her young daughters.

fff. Dealing in controlled substances: In approximately June 2008 defendants Sharon Murphy, Janice Hankins, IMPD, Ora Hirsch Pescovitz, and James Payne designated at least one house in College Park for use in selling unlawful controlled substances.

ggg. Mail fraud. In January-February 2009 defendants Sharon Murphy, Weiss Schmidgall, and College Park Club, having devised a scheme to defraud us College Park members out of our right to choose our leadership, published and distributed to all College Park Club members via U.S. Postal Service a non-member's name as a candidate for the College Park Club Board of Directors, communicating false information that he is a property owner and eligible to serve on the board, and inducing many people to vote for him before the meeting, as there were exactly the same number of candidates as positions open.

hhh. Wire fraud, 18 U.S.C. § 1343: Defendants Gerald Zore, Marion Superior Court, Elizabeth White, and James Payne, having devised a scheme to defraud Marion County homeowners out of our money and real property, have, during the period September 2008 up to the present, knowingly allowed mortgage lenders to file foreclosure complaints, including for properties for which payments are current or for which the mortgage loans have been repaid in full, with the Marion County Clerk, which they then intentionally fail to serve on the defendants. When the defendants do not respond, the perpetrators use signature stamps to forge Marion Superior Court judges' signatures to alleged judgments by default and fraudulently enter writings falsely stating that the defendants were served with process and noting those false default judgments into electronic Chronological Case Summaries, thereby transmitting them by wire in interstate commerce, to mortgage lenders and credit reporting agencies in other states.

iii. Fraud in connection with access devices, 18 U.S.C. § 1029: Defendants David F. Hamilton, AT&T, Marion County Prosecutor's Office, Ora Hirsch Pescovitz, James Payne, Ramesh Shah, and Saroj Shah, knowingly and with intent to defraud have, during the period at least 2000 up to the present,

used without lawful authority a telecommunications instrument that has been modified to intercept and alter electronic mail messages sent by me, to change the email messages to contain threatening and/or pornographic messages that I never intended to communicate, but which these defendants then attribute to me.

jjj. Mail fraud: On or about October 10, 2009 Jacqueline Reedy and Joseph Reedy, in collaboration with Gregory Zoeller, having devised a scheme to deprive me of money as an alleged fine, intentionally left in my United States mailbox a copy of a complaint form falsely alleging that I had violated the Indiana "Do Not Call" law, when they know I do not operate or work for a business and I did not contact them by telephone.

kkk. Retaliation against witness, 18 U.S.C. § 1513: On April 9, 2010 I (plaintiff) filed and served a verified motion in U.S. District Court for the Northern District of Indiana case no. 2:10-cv-00053-PPS-PRC that was critical of David F. Hamilton, Eric Holder, Jane Magnus-Stinson, Shaarey Tefilla agents, Eric Bram, Joseph Reedy, Jacqueline Reedy, and Kristin McBain. To retaliate, in the evening of April 13, 2010 they, in collaboration with defendants Ora Hirsch Pescovitz, City of Chicago agents, and Wendy Lindquist, attempted to cause bodily injury to me through false arrest by having Ora Hirsch Pescovitz attend and commit a crime using my name at a Chicago Smith Club event, for which Wendy Lindquist would falsely identify her as Carolyn Srivastava.

lll. Kidnapping: On July 26, 2010, defendants Joseph Reedy, Jacqueline Reedy, James Patton impersonating my son, Sanjay Mishra, David G. Moscrip, Barbara Collins, Gerald Zore, Ora Hirsch Pescovitz, and Ballard's IMPD collaborated to forcibly move me from my home to St. Vincent Stress Center and to confine me there for two days based on their bogus allegations of mental illness.

mmm. Interference with commerce, 18 U.S.C. § 1951: Defendants David G. Moscrip and Sanjay Mishra have attempted to affect commerce between two points in Indiana through their bill payment office in Illinois by extortion, by sending me two bills for alleged services that I neither requested nor received, along with a threat to send the matter to a collection agency, thereby seeking to obtain

property from me with my consent through fear and under color of official right.

nnn. Wire fraud: During the period August 2010 through November 2010, defendants Sanjay Mishra, David G. Moscrip, Med-1 Solutions, having devised a scheme to defraud me of my money, telephoned me several times to falsely allege that I owed them either $397.00 or $298.20, when it was really someone else who owed them the money, for which they were trying force me to pay.

ooo. Bribery: Defendants Barbara Collins and Gerald Zore have taken money in 2010 to influence their official acts, specifically to purport to find people mentally ill and in need of forcible confinement for which payment is extorted, based on no evidence.

ppp. Theft from interstate shipment, 18 U.S.C. § 659: During the period October 4, 2010 through October 20, 2010, defendants Gregory Zoeller, Frances Barrow, Ora Hirsch Pescovitz, Jane Magnus-Stinson, James Payne, Evan Bayh, City of Chicago agents, and David F. Hamilton intentionally unlawfully carried away or concealed, or obtained by fraud or deception, the package containing copies of my appellate brief in U.S. Court of Appeals for the Seventh Circuit appeal no. 10-2915 that I shipped from Indianapolis, Indiana to Chicago, Illinois from a vehicle or freight facility, to prevent it from reaching the Court of Appeals.

qqq. Obstruction of justice, mail fraud, wire fraud: As part of U.S. Court of Appeals for the Seventh Circuit case number 10-2915, on approximately October 18, 2010, defendants Gregory Zoeller, Ora Hirsch Pescovitz, Frances Barrow, Jane Magnus-Stinson, Evan Bayh, City of Chicago agents, James Payne, and David F. Hamilton, having devised a scheme to deprive me of my property interest in a fair hearing of my appeal, conferred by my payment of the filing fee, intentionally mailed alleged appellant's briefs containing their trademark frauds and forgeries to the U.S. Court of Appeals for the Seventh Circuit after viewing my real briefs, copies of which were served on their counsel. They then corruptly intimidated clerks into falsely alleging that their forgeries were mailed on October 4, 2010, the date that I mailed my real briefs, and attempted to intimidate the clerks into substituting their poor quality forgeries for my real briefs.

52

rrr. Obstruction of justice: Defendants Gregory Zoeller, Evan Bayh, City of Chicago agents, Ora Hirsch Pescovitz, Frances Barrow, Jane Magnus-Stinson, James Payne, Eric Holder, and David F. Hamilton are currently endeavoring to impede the due administration of justice in pending U.S. Court of Appeals for the Seventh Circuit appeal no. 10-2915 by threatening members of the court clerk's office and judges with harm if they refuse to allow these defendants to forge an alleged opinion dismissing my appeal instead of giving my briefs to a panel, of neutral, objective, fair judges.

sss. Obstruction of justice: On or about December 8, 2010, Evan Bayh, David F. Hamilton, City of Chicago agents, Jane Magnus-Stinson, Eric Holder, and Ora Hirsch Pescovitz have endeavored to impede the due administration of justice with regard to a complaint of disability that I submitted to the U.S. Court of Appeals for the Seventh Circuit by threatening members of the court clerk's office and judges with harm if they refuse to allow these defendants to forge an alleged order purporting to have been written by the Chief Judge dismissing the complaint.

ttt. Misuse of identification information, 18 U.S.C. § 1028: During the period from June 2000 through at least November 2002, defendant Jane Magnus-Stinson knowingly used, without lawful authority, the identification information of William Earl Ross in Marion Superior Court case. No. 49G06-0006-CF-104260, to convict him of forcible felonies that were really committed by the victim's brother, thereby subjecting him to criminal confinement, a felony under Indiana law.

153. **Count IX**. Unlawful wiretap in violation of 18 U.S.C. § 2511: From approximately 1994 up to the present, defendants Marion County Prosecutor's Office, Marion Superior Court, Gerald Zore, and AT&T have engaged in illegal wiretapping of my (plaintiff's) telephone line, for the sole purpose of allowing private citizen Ora Hirsch Pescovitz and other nosy busybodies to pry into my (plaintiff's) private affairs, to alter my emails messages to include pornographic and threatening statements that were not created by me to disrupt my life and to intimidate others away from associating with me. There is no legal justification for government monitoring of my private activities.

154. **Count X**. Corrupt business influence pursuant to Ind.Code § 35-45-6-2 and Ind.Code §§ 34-24-2-4 and 34-24-2-6: Defendants have, during the period 1993 up to the present, used money obtained from a pattern of racketeering activity against me and others to set up and maintain a stable racketeering enterprise, the purpose of which is to control the lives of the citizens of counties in central Indiana, to subjugate women, to oppress Jews, to exploit young children as instruments of terror against innocent citizens, to use government and other positions of power to extort money from citizens, including me, and to attack me personally. Syndicate members transfer their ill-gotten gains among themselves in exchange for assistance with commission of additional offenses. Racketeering activity that has injured me and threatens future injuries to me includes:

a. Theft: In spring-summer 1993, IU administrators collaborated with Ora Hirsch Pescovitz to instigate neighbors to kill what had been beautiful, thriving roses in my garden, thereby exerting unauthorized control over my property with intent to deprive me of its use and value, in order to appease Ora Hirsch Pescovitz's insane jealousy.

b. Forgery: In approximately January 1995 defendant Ora Hirsch Pescovitz and IU administrators, with intent to defraud, made a critical employment document relating to the time calculation regarding my progress toward tenure by inserting a provision unfavorable to me and which violated IU policy after I signed the document, with intent to create an appearance that I gave authority to enact the provision when I did not give such authority.

c. Theft by deception: During the period April 1996 through April 1997 defendant Robert Rifkin took more than $3,000.00 of my money to purport to represent me in my IU grievance, but he was really secretly representing Ora Hirsch Pescovitz against me.

d. Promoting prostitution: During the period 1995 up to the present, Gerald Zore, Marion Superior Court, Marion County Prosecutor's Office, Mark Stoner, J. Richard Campbell, IMPD, MCSD, Deborah Bram, Shaarey Tefilla, and Ora Hirsch Pescovitz established a requirement that women must perform oral sex on the rabbi as payment for permission to participate in worship and other religious ac-

tivities at the IHC and other Indianapolis Jewish venues. Because I did not participate, they have employed false criminal accusations and threats thereof to exclude me from Indianapolis Jewish venues.

e. Stalking as part of criminal gang activity: Defendants Gerald Zore, Marion Superior Court, Marion County Prosecutor's Office, Mark Stoner, J. Richard Campbell, Deborah Bram, Shaarey Tefilla, and Ora Hirsch Pescovitz conspired to have Eric Bram perpetrate a pattern of harassment of me, including more than five incidents, with intent to cause me emotional distress by following and pursuing me around the large Indianapolis Hebrew Congregation building, and which did cause me emotional distress, during the period August 1998 through April 1999.

f. Forgery: On or about July 12, 2002, defendants Gerald Zore, Deborah Bram, Marion County Prosecutor's Office, Linda Major, Marion County Clerk's Office, and Ora Hirsch Pescovitz used a judge's signature stamp to create documents purporting to be a "sentencing order" and "judgment of conviction" (in that order) to falsely "convict" me of trespass, but were not real orders signed by a judge.

g. Intimidation: In August 2003 a Marion Superior Court judge, with a supercilious smirk on his face, abused his judicial position to communicate an intention to unlawfully subject me to physical restraint, with intent that I refrain from lawfully participating in community religious worship, against my will.

h. Theft, official misconduct: During the period 2005 up to the present, Linda Major, Shaarey Tefilla, Benjamin Sendrow, Ora Hirsch Pescovitz, and James Payne have exerted unauthorized control over my identification information with intent to deprive me of its use and value, to have Linda Major commit crimes at the Indianapolis Jewish Community Center in my name, so that I am excluded from that venue based on the misconduct of Linda Major. The government perpetrators are forbidden by law from engaging in this activity.

i. Intimidation: Ora Hirsch Pescovitz, David F. Hamilton, Evan Bayh, James Payne, IMPD, and Linda Major have communicated to the Beth-El leadership an intention to injure them and their families, with intent that they exclude me (plaintiff) from worship and other religious activities at Beth-El,

55

against their will. On October 30, 2009, I was specifically excluded from a worship service in which I was peacefully participating.

j. Theft: During the period May 1997 up to the present, IU administrators and Ora Hirsch Pescovitz have received tens of thousands of dollars in free legal services from IU, i.e. in-kind gifts, to defend against their crimes perpetrated against me, for which they likely have paid neither federal nor state income taxes, thereby exerting unauthorized control over government money with intent to deprive the government of its use and value.

k. Intimidation: During the period July 1996 up to the present, Ora Hirsch Pescovitz has communicated intentions to injure potential employers and their families if they dare to hire me, with the intent that they refrain from hiring me against their wills, thus denying me salary to pay my living expenses and access to health care that generally comes with employer health insurance plans.

l. Official misconduct, conspiracy to commit theft: The Marion Superior Court leadership, in collaboration with Ora Hirsch Pescovitz, Prudential, Wells Fargo, David F. Hamilton, and IU representatives, allowed someone who had resigned from the bench and was therefore not a judge to conduct a hearing in case no. 49D01-0310-PL-001914 on January 28, 2004 to illegally "find" me in contempt of court, based on the misconduct of Ora Hirsch Pescovitz as a pretext to allow defendants to exert unauthorized control over my money, with intent to deprive me of its use and value. They were forbidden by law from doing this.

m. Forgery: In approximately January 2004, Gregory Zoeller, Frances Barrow, Gerald Zore, and Ora Hirsch Pescovitz, in collaboration with the Indiana Supreme Court administrator at the time, knowingly, with intent to defraud, drafted a summary dismissal in Indiana Original Action number 49S00-0401-OR-36 that purported to have been written by the justices of the Indiana Supreme Court, but was really written by them.

n. Theft: On or about July 18, 2005 Wells Fargo, David F. Hamilton, Ora Hirsch Pescovitz, IU administrators, and Campbell exerted unauthorized control over $5,341.55 in assets from my account, removing the funds without my permission, with intent to deprive me of their use and value.

o. Intimidation: The attorney for IU defendants sent me letters dated January 10, 2006 and January 11, 2006 disclaiming any responsibility for payment of taxes, thereby expressing an intent to harm me by falsely accusing me of tax evasion in an effort to threaten me away from the lawful act of pursuing litigation against my will. No doubt it is Ora Hirsch Pescovitz who has failed to pay her taxes.

p. Official misconduct, conflict of interest: In response to campaign contributions, the administration of former Indianapolis mayor Stephen Goldsmith allowed developers to overbuild Pike Township in the 1990's with cheap, high density housing that did not comply with the 1990 comprehensive plan and that was strongly opposed by the Pike Township Residents' Association. The inappropriate development has depressed property values and salability of homes in College Park.

q. Official misconduct, conflict of interest: As a member of the Jewish community, Stephen Goldsmith, in collaboration with Ora Hirsch Pescovitz, allowed the Jewish Federation in 1998 to evade commitments for a maximum average density with regard to property on the east side of Colby Boulevard extending from College Park south to 86th Street (to the best of my knowledge the original parcel number for the entire property was 6007521), by dividing the property into three parcels, two of which are now for sale.

r. Theft: During the period April 2000 up to the present, Indianapolis and Marion County defendants have received tens of thousands of dollars in free legal services from Marion County taxpayers, i.e. in-kind gifts, to defend against their crimes perpetrated against me in litigation commenced by me, for which they likely have paid neither federal nor state income taxes, thereby exerting unauthorized control over government money with intent to deprive the government of its use and value.

s. Official misconduct, conflict of interest:  In March-April 2008 defendants James Payne and Ryan Vaughn effected the unlawful appointment of William Carr, a nonresident of Marion County,

to the Community Corrections Advisory Board, which allocates money for community corrections and designs the Marion County diversion agreement form, with intent to use him to abuse Marion County citizens accused of crimes. William Carr, as owner of a juvenile correction facility, is sitting on a government board that makes policy recommendations regarding punishment for offenders, including incarceration, and thus, he has a pecuniary interest in contracts connected with actions by the Community Corrections Board of which he is a member.

t. Official misconduct, theft: During the period January 2008 through September 2008, defendant Gregory Ballard a diverted $13,000,000.00 in taxpayer money that was budgeted for additional police officers and new patrol cars to favored police officers under the pretext of "overtime pay" that was not dispersed as compensation for actual work.

u. Official misconduct, conflict of interest: In 2010, defendants Gregory Ballard and Ryan Vaughn agreed to sell Indianapolis parking meters, which belong to the taxpayers, in a bad deal, with intent that the purchaser would contribute generously to Gregory Ballard's re-election campaign and the deal would directly benefit Ryan Vaughn's business, his law firm.

v. Official misconduct, conflict of interest: In 2010, defendants Gregory Ballard and Ryan Vaughn agreed to sell Indianapolis Water company to obtain fast cash to fix up roads and other infrastructure to help their personal re-election campaigns, and to benefit Gregory Ballard's son in his business. Meanwhile, ordinary citizens will have to pay in increased fees after the election.

w. Official misconduct, intimidation: In June 2008 defendant James Payne, in collaboration with Ora Hirsch Pescovitz engaged in conduct that he is prohibited by law from doing: he communicated an intention to abuse his government position to injure the children of Gregg and Jennifer Humphrey, with intent that they refrain from associating with me, against their will.

x. Forgery: On or about September 25, 2008, defendants Marion Superior Court, Gerald Zore, Elizabeth White, and Ora Hirsch Pescovitz created documents purporting to have been signed by

58

Marion Superior Court Judge Patrick McCarty, but were not signed by Judge McCarty, purporting to recuse himself from three cases that he was hearing.

y. Theft: On or about September 23, 2008, defendant Faye Craig exerted unauthorized control over government property, a Boone County Clerk's Office envelope, with intent to deprive the taxpayers of its use and value.

z. Obstruction of justice: On or about September 29, 2008 defendants Sharon Murphy, James Payne, IU representatives, S. Anne Burcham, Shaarey Tefilla representatives, Ora Hirsch Pescovitz, and J. Jeffrey Edens conducted an *ex parte* court hearing with an identity thief, likely Ora Hirsch Pescovitz, impersonating me in Boone Circuit Court case number 06C01-0809-PL-840, with intent to withhold my testimony and filings as the real, legitimate plaintiff.

aa. Theft: On or about October 23, 2008 defendant J. Jeffrey Edens, in flagrant violation of the *Constitution of the United States*, the *Constitution of the State of Indiana*, and the *Indiana Rules of Trial Procedure*, intentionally dismissed Boone Circuit Court case number 06C01-0809-PL-840 on concocted false pretenses, thereby intentionally exerting unauthorized control over my filing fee, which I had paid on September 11, 2008 in expectation of a complete and fair hearing of my claims, with intent to deprive me of its use and value.

bb. Obstruction of justice: On or about January 19, 2010 defendants David F. Hamilton, Caryn Vogel, Ora Hirsch Pescovitz, Sharon Murphy, Faye Craig, James Payne, IU representatives, S. Anne Burcham, Shaarey Tefilla representatives, Elizabeth Drake, and Gerald Svetanoff conducted an *ex parte* court hearing with Elizabeth Drake impersonating me in Lake Superior Court case no. 45D04-0912-PL-00119, with intent to withhold my testimony and filings as the real, legitimate plaintiff.

cc. Intimidation: I was a member of the Smith College Alumnae of Chicago ("SCAC") from June 5, 2006 through May 2008, for which I paid membership dues. During that period Ora Hirsch Pescovitz, using my name, in collaboration with City of Chicago agents and Wendy Lindquist, communicated an intention to cause harm to SCAC members and their families via email and telephone from

Indiana, with intent that SCAC members exclude me from their activities against their will, by failing to notify me of those activities. The result was that I, a citizen of Indiana, was deprived of my property interest in participating in many SCAC activities during that period.

dd. Counterfeiting as part of criminal gang activity: Defendants Gerald Zore, Gregory Zoeller, Frances Barrow, Elizabeth White, James Payne, Sharon Murphy, J. Richard Campbell, IU administrators, and Ora Hirsch Pescovitz, have, during the period May 1997 up to the present, possessed documents purporting to have been drafted and signed by me, plaintiff, but which they knew were really drafted by Ora Hirsch Pescovitz and other identity thieves and contained forgeries of my signature.

ee. Theft: During the period 2000-2004, Orkin knowingly used various means, which were contrary to recommended practices for termite control, to drive termites from the home of my next door neighbor to my home to consume the cellulose-containing materials in my home, thereby exerting unauthorized control over my house with intent to deprive me of its use and value. I had to pay another company to get rid of the entire termite colony that had settled in.

ff. Theft: During the period 1997 through 2000 defendant Burcham, in her position as President of Lions Head Condominium Association, Inc., where my parents were homeowners, knowingly exerted unauthorized control over $50,000.00 of Lions Head funds, with intent to deprive the association of their use and value.

gg. Forgery: During the period May 2007 through July 2008 AT&T collaborated with James Payne, Ramesh Shah, Saroj Shah, and Ora Hirsch Pescovitz to intentionally, with intent to defraud, intercept my (plaintiff's) email messages, which contain written matter, and alter them to contain statements that I did not make in my original messages. They also drafted and sent emails to neighbors, friends, and other associates purporting to have been sent by me that were not sent by me. Thus, they knowingly, with intent to defraud, made written instruments that purported to have been made by another person or with different provisions.

60

hh. Forgery: During the period May 2007 through July 2008 AT&T collaborated with James Payne, Leslie Page, Kristin MacBain, Ramesh Shah, and Saroj Shah to intercept my (plaintiff's) email messages to send both my real emails and their forgeries of same to recipients that I did not intend as recipients, thereby knowingly, with intent to defraud, making written instruments purporting to be sent by my authority when I did not give authority.

ii. Forgery: On or about February 25, 2002, Lula Patton, Evan Bayh, Daniel Parker, Marion County Prosecutor's Office, Marion County Clerk's Office, and Ora Hirsch Pescovitz, with intent to defraud, filled out a Declaration of Candidacy form for Democratic Party precinct committeeman for Pike Township Precinct 8 that purported to have been filled out and signed by Walter J. Hart, but was not signed by him, and which purported to have been notarized by one Barbara Fowler but was not notarized by her.

jj. Forgery: On February 25, 2002, after the filing deadline of February 22, 2002, Lula Patton, Evan Bayh, Daniel Parker, Marion County Prosecutor's Office, Marion County Clerk's Office, and Ora Hirsch Pescovitz, with intent to defraud, file-marked the aforementioned Declaration of Candidacy form with the date February 21, 2002 and then filed it, such that Hart's candidacy should have been ruled invalid.

kk. Obstruction of justice: During the period from January 2002 through January 2004, defendants Gerald Zore, Marion County Clerk's Office, Marion Superior Court, Gregory Zoeller, Ora Hirsch Pescovitz, and Frances Barrow made false documents, alleged appellate briefs consisting of bizarre, rambling, often pornographic statements, to which my name was forged so that they purported to have been drafted by me, with intent that the documents be used as evidence in court proceedings to "prove" their slanderous allegations that my lawsuits are frivolous.

ll. Obstruction of justice:  On December 20, 2002 defendants Ora Hirsch Pescovitz, Marion County Clerk's Office, and Gerald Zore unlawfully altered the chronological case summary of Marion

Superior Court case number 49D06-0011-CP-001662 to include a false notation that the court had entered a judgment against me for $8,922.88.

mm. Official misconduct: During the period October 1998 through April 1999 Kristin MacBain, a public servant in her capacity as Director of Diversity for Pike Township School District, knowingly and intentionally performed acts that she was forbidden by Indiana civil rights law to perform: counting my son's observance of major, well-known Jewish holidays as absences in violation of clearly stated district policy; using the school bus that he rode to induce him to be late to class as a justification for suspension; reducing the time to get from one class to the next for his grade only, with the intent to cause him to be late to class. Her intent was to injure my son's reputation because he is Jewish and she is anti-Semitic; she may also have taken monetary bribes to engage in this anti-religious activity.

nn. Intimidation: In September 2000 Defendants Deborah Bram, David F. Hamilton, and Ora Hirsch Pescovitz sent Eric Bram to Brebeuf Jesuit Preparatory School, where my son had just begun secondary school, thereby communicating intent to subject me to contempt and disgrace with his slanderous gossip about me, with intent to place me in fear of retaliation for the prior lawful act of sending my son to the school of our choice.

oo. Attempted theft: During the period September 2002 through April 2003, Janice Hankins, and Becky Sayre tried to exert unauthorized control over $31,000.00 of College Park Club funds to purchase excessively extravagant and unnecessary playground equipment.

pp. Theft: In March-April 2003, Janice Hankins, Becky Sayre, and Sharon Murphy, exerted unauthorized control over more than $10,000.00 of the College Park Club reserve fund, with intent to deprive other College Park Club homeowners of its use and value.

qq. Intimidation: On May 6, 2003, Leslie Page, Rob Snyder, and Becky Sayre collaborated with the sadistic Ora Hirsch Pescovitz to leave a large, heavy dead animal on my property, thereby communicating an intention to harm me, with intent that I move out of my home, against my will.

rr. Intimidation: On January 15, 2005, Mark Bannatyne, Leslie Page, Rob Snyder, and Becky Sayre left a large, heavy dead animal on my driveway, thereby communicating an intention to harm me, with intent that I move out of my home, against my will.

ss. Intimidation: During the period 2003-2004, Leslie Page communicated an intent to harm me by setting fire to my home, with intent that I move out of my home, against my will.

tt. Theft, intimidation: During the period August 2003 through 2008 Kristin MacBain, Leslie Page, Joseph Reedy, and Becky Sayre collaborated with others, including their minor children, to kill flowers and other plants on my property, slowly and torturously by cutting off one branch at a time, thereby exerting unauthorized control over my plants with intent to deprive me of their use and value. The intent was to harm me, with intent that I move out of my home, against my will.

uu. Theft: On approximately January 28-29, 2004 defendants Becky Sayre, Rob Snyder, Ora Hirsch Pescovitz, and Joseph Reedy instigated another neighbor to intentionally knock down my mailbox, thereby exerting unauthorized control over it with intent to deprive me of its use and value. Intentionally destroying a mailbox is also a federal felony.

vv. Theft: In May 2005, Janice Hankins and Sharon Murphy collaborated with Indianapolis Power and Light to viciously slash down several large trees, more than four, on Colgate Street on private property in College Park, with intent to deprive the owners and College Park generally of their use and value, to enrich themselves with the monetary value of the wood. The trees were not anywhere near power lines.

ww. Theft: During June 2005 Sharon Murphy, Janice Hankins, and James Payne collaborated to remove additional large trees from College Park, thereby exerting unauthorized control over the trees with intent to deprive College Park homeowners of their use and value.

xx. Obstruction of justice: In December 2006-January 2007 Janice Hankins intentionally destroyed College Park Club computer financial records, with intent to prevent them from being used in an official proceeding or investigation.

63

yy. Theft: In approximately July 2007 defendant Ora Hirsch Pescovitz, claiming to be Carolyn Srivastava, telephoned one of my neighbors to threaten her young son, thereby exerting unauthorized control over my identification information with intent to deprive me of its use and value.

zz. Intimidation: Kristin MacBain and George MacBain sent me a very threatening letter dated July 9, 2007, expressing an intent to unlawfully injure me, with intent that I be placed in fear of retaliation for prior lawful acts, complaining about their antisocial behavior and pursuing legal remedies for injuries, and with intent that I move out of my home, against my will.

aaa. Possible arson: During the period 2003-2004 Leslie Page threatened to set fire to my home.

bbb. Theft, intimidation: During the period July-August 2007 Leslie Page and Michael Page exerted unauthorized control over my pet cats, with intent to deprive me of their use and value. They were also communicating an intent to harm me, with intent that I move out of my home, against my will.

ccc. Intimidation: During the period July 2007 up to the present, James Payne, Leslie Page, and Kristin MacBain have exploited children as tools to express an intent to expose me to hatred, disgrace, and contempt and to subject me to unlawful confinement, by instructing the children to shun me and/or run away when they see me, with intent that I move out of the neighborhood, against my will.

ddd. Theft: In 2006-2007 and 2010 Sharon Murphy, Becky Sayre, Leslie Page, Michael Page, Joseph Reedy, and Kristin MacBain exerted unauthorized control over a large blue spruce in my yard with intent to deprive me of its use and value, by poisoning it so that it has begun to die.

eee. Intimidation: On May 20, 2009 at a College Park Club board meeting, Sharon Murphy approached College Park Club member Susan Blair in a threatening manner that appeared that Murphy was going to hit her, as Susan Blair was peacefully expressing her opinion on an issue of concern to College Park Club members, with intent that Susan Blair and College Park members generally refrain from lawfully and peacefully expressing our opinions, against our will.

fff. Intimidation: On September 12, 2009, as I was walking down my street to my home, defendant Kristin MacBain induced her young daughters to throw their ball into the street at me, and then refrain from retrieving it, thereby communicating a threat to falsely accuse me of child molestation, with intent that I move away, against my will.

ggg. Intimidation: On or about October 10, 2009 Jacqueline Reedy and Joseph Reedy, in collaboration with Gregory Zoeller communicated an intention to take unjustified official action, with intent to place me in fear of retaliation for a prior lawful act, communicating via email, by leaving in my mailbox a copy of a complaint form alleging that I violated the Indiana "Do Not Call" law, when they know that I do not operate or work for a business and I did not make a telephone call to them.

hhh. Intimidation: On April 2, 2010, George MacBain screamed at me in a very angry voice, thereby communicating an intent to take unjustified official action, with intent that I refrain from taking my daily walk on a public street that runs by his house, and that I move out of my home, against my will.

iii. Intimidation: On April 19, 2010, Michael Page sent me a threatening letter telling to remove tree branches that he had broken, communicating an intent to take unjustified official action, with intent that I move out of my home, against my will.

jjj. Intimidation: On July 22, 2010, Mark Bannatyne backed out of his driveway and intentionally nearly hit me, as I was walking by on a public street, thereby communicating an intention to cause physical harm to me, with intent that I refrain from taking my daily walk and that I move out of my home, against my will.

kkk. Intimidation: On July 24, 2010 Jacqueline Reedy approached me on a public sidewalk as I was peacefully taking my daily walk, communicating with specific words and a large stick an intention to cause physical harm to me, with intent that I be placed in fear of retaliation for a prior lawful action, suggesting to the Board of Directors a legal action that they may take to solve a problem, and that I

65

refrain from communicating suggestions about College Park matters to the Board of Directors, against my will.

lll. Intimidation: In 2010 Mitzi Graham has, by her actions and demeanor, communicated an intent to subject me to disgrace through false criminal accusations, with intent that I refrain from attending the College Park women's coffee and over-55 dinners, against my will.

mmm. Intimidation: In 2010, Elizabeth Drake has approached me several times in a threatening manner, as I was taking my walk, thereby communicating an intent to harm me, with intent that I move out of my home against my will.

nnn. Promoting prostitution: On July 29, 2010 I saw a woman who looked like a prostitute standing outside of S. Anne Burcham's home in College Park (she resides elsewhere).

ooo. Intimidation: During the 2008, 2010, and 2011 College Park Club elections, those homeowners who vote absentee have been required to place their names and addresses directly on the ballots. In this manner College Park Club directors are communicating an intention to send Ora Hirsch Pescovitz to harm them and their families, with intent that they refrain from voting for me, against their will.

ppp. Theft: During the period 2006 through 2008, defendants S. Anne Burcham and Ora Hirsch Pescovitz have exerted unauthorized control over thousands of dollars of Shaarey Tefilla funds, for which they have tried to blame me (plaintiff).

qqq. Intimidation: On May 29, 2010 as I was returning home from a worship service at Shaarey Tefilla, an IMPD car passed me when I was still in Hamilton County, thereby communicating an intent to take unjustifed official action, with intent that I refrain from religious worship against my will.

rrr. Theft: In January 2008 defendant Gregory Ballard exerted unauthorized control over the IMPD, as the takeover violated state law, with intent to deprive us citizens of its use and value, diverting IMPD activities to accommodating the whims of the Fraternal Order of Police, for their support in his

66

re-election campaign, and to enable him to bully Marion County residents.

sss. Promoting prostitution: Evan Bayh and Daniel Parker would not allow me to be a Democratic Party precinct committeeman in 2010, even though I was elected to the position, because I will not perform oral copulation on them.

ttt. Intimidation as Class D felony: In May 2010, Gerald Zore and Ora Hirsch Pescovitz, in collaboration with Evan Bayh and Daniel Parker, expressed to U.S. Congressional District 5 Democratic Party voters an intent to unlawfully injure them and their families if they voted in the primary for the more qualified candidate, rather than the less qualified candidate, who was really a Republican, against their will, so that unqualified incumbent Dan Burton would win easily in the general election.

uuu. Intimidation as Class D felony: In October-November 2010, Gerald Zore, Lula Patton, and Ora Hirsch Pescovitz, in collaboration with Evan Bayh, IMPD, Joseph Hogsett, and Daniel Parker, expressed to Marion County African-American voters, who overwhelmingly vote Democratic, an intent to use false allegations of mental illness as an excuse to unlawfully subject them to restraint and physical confinement in a mental health treatment facility, with intent that the voters refrain from voting in the general election, against their will, so Republicans in certain districts would win.

vvv. Promoting prostitution: From late 2008 up to the present, defendant Michael Delph has refrained from sending me his official mailings and from inviting me to his town hall meetings because I refuse to perform oral copulation on him.

155. **Count XI**. Breach of Contract: During the period February 2003 up to the present, directors of defendant College Park Club have willfully refused to provide necessary maintenance to the pin oak trees in the common areas, thereby refusing to perform their duties as directors as required by Article IV, Section 4.5 of the College Park Club By-laws. As a result, many of the trees are now dying and are quite unsightly.

156. **Count XII**. Breach of Contract: During the period February 2003 up to the present, defendants Janice Hankins, Becky Sayre, Sharon Murphy, Faye Craig, and current College Park Club directors

have willfully refused to provide necessary maintenance to the pin oak trees, with intent to kill them so that they and their collaborators could personally enrich themselves with the monetary value of the wood, in violation of Article X, Section 10.6 of the College Park Club Articles of Incorporation.

157. **Count XIII**. Breach of contract: Former directors Janice Hankins, Sharon Murphy, and Faye Craig willfully used College Park Club funds and the College Park Club clubhouse, rent-free, in October 2006 to pay for and host an alcohol-laced private party, during which they caused damage to the clubhouse, in violation of Article X, Section 10.6 of the College Park Club Articles of Incorporation and Article IV, Section 4.8 and Article IX, Section 9.2 of the College Park Club By-laws.

158. **Count XIV**. Breach of contract, fraud: In January-February 2008, Sharon Murphy intentionally conducted the election in violation of the College Park Club By-laws. She selectively removed most absentee votes for me, forged votes for herself, recruited non-members to vote, the proxy ballot sheets did not have a provision for notarized appointment of attorney in fact, absentee voters were required to place their names directly on the absentee ballots, so the ballots were not anonymous.

159. **Count XV**. Breach of contract: In 2010-2011, Mark Bannatyne and College Park Club listed Bannatyne's mother, who resides with him and is not a College Park property owner, separately, with intent to fraudulently allow her to vote on College Park Club matters, when she has no legal right to vote.

160. **Count XVI**. Breach of contract: In 2011 defendant College Park Club allowed defendant non-property owner Jacqueline Reedy to be a candidate for the Board of Directors, in violation of Article V, Sections 5.1 and 5.3 of the College Park Club Articles of Incorporation and Article IV, Section 4.1 of the College Park Club By-laws.

161. **Count XVII**. Violation of civil rights pursuant to 42 U.S.C. § 1983: During the period from at least February 2009 up to the present. College Park crime watch as an arm of IMPD has been used to discriminate against me because I am a single woman and because I am Jewish, by promoting commission of hate crimes of property violence and intimidation against me as described in this complaint and

68

by refusing to take my complaints of crimes seriously, thereby denying me the equal protection of the laws, inviolation of the Fourteenth Amendment to the *Constitution of the United States.*

162. **Count XVIII**. Defamation: Defendants James Payne, Becky Sayre, Rob Snyder, Leslie Page, Joseph Reedy, Faye Craig, Sharon Murphy, George MacBain, and Kristin MacBain, in January-February 2010, prevented my election to the College Park Club board of directors, by spreading false, extremely malicious gossip about me, spreading vicious lies that I am allegedly a stalker, trespasser, child molester, thief, etc., etc., all of which likely apply to the perpetrators.

163. **Count XIX**. Discrimination in housing based on religion by defendant College Park Club: In February 201 and likely also February 2011, I was denied election to the College Park Board of Directors because I am Jewish, in violation of Ind.Code §§ 22-9.5-5-1 (b) and 42 U.S.C. § 3604.

164. **Count XX**. Trespass: During the period February-April 2010 defendants Leslie Page and Michael Page went onto my property to break a limb off one of my trees after being asked to stay off, in writing, numerous times.

165. **Count XXI** Tortious interference with contract: Weiss Schmidgall negotiated a contract unlawfully transferring membership rights from College Park members to non-members, in violation of the College Park Club Articles of Incorporation and Ind. Code § 23-17-7-5. In February 2009, Weiss Schmidgall promoted the candidacy of a non-member for a position on the College Park Club Board of Directors, thereby interfering with my contractual right to be represented on the Board by members only. In 2010, Weiss Schmidgall tried to instigate alteration of the College Park Club Articles of Incorporation and By-Laws to accommodate its non-member client's personal interests at the expense of the College Park Club membership.

166. **Count XXII**. Fraud: On July 20, 2008 I paid dues for one year's membership to the Shaarey Tefilla Sisterhood, thereby receiving an expectation that I would be welcome to participate in all Sisterhood activities. Instead, Sisterhood members excluded me from most of their activities in 2008-2009.

69

167. **Count XXIII**. Violation of civil rights pursuant to 42 U.S.C. § 1983: On or about May 13, 2009, defendant Michael Delph in his position as an Indiana state senator, tried to intimidate me away from attending meetings of the Pike Township Residents' Association, of which I am a dues-paying member, in violation of the First Amendment to the *Constitution of the United States*.

168. **Count XXIV**. Violation of civil rights pursuant to 42 U.S.C. § 1983: From late 2008 up to the present, Michael Delph has refrained from sending me his taxpayer-funded mailings and invitations to his town hall meetings, thereby denying me the equal protection of the laws, in violation of the Fourteenth Amendment to the *Constitution of the United States*, in part because I am Jewish.

169. **Count XXV**: Nuisance claim pursuant to Ind.Code § 32-30-6-7. During the period from at least September 2006 up to the present, including in April, May, June, October, November, and December 2010, Walmart Store #1518, with the support of Marion Superior Court and Gregory Ballard, has repeatedly made loud noises with machines cleaning its parking lot for hours, particularly between the hours of 11:30 P.M. and 4:00 A.M., in violation of Indianapolis/Marion County Municipal Code Sections 391-301 and 391-302. It has also left cleaning machines idling in its parking lot, spewing out noise and toxic fumes. This has lessened my personal enjoyment of my property, as it either prevents me from falling asleep or wakes me up during normal sleeping hours.

169. **Count XXVI**: Nuisance claim pursuant to Ind.Code § 32-30-6-7. During the period from at least 1999 up to the present, Marathon Petroleum, the City of Indianapolis, and the State of Indiana have maintained a toxic waste site on the property located at 4910 West 86th Street in Indianapolis. There have been pervasive noxious odors, along with storage of hundreds of thousands of gallons of unsecured liquids containing many toxic chemicals, including polychlorinated biphenyls (PCBs). The ground is so contaminated that the federal Environmental Protection Agency has required that storm water runoff be captured and stored. Now that the current owner has declared bankruptcy, there are plans to sell the property to another hazardous waste-generating business.

170. **Count XXVII**: The Indianapolis-Marion County "Front Porch Alliance" started by defend-

ant Stephen Goldsmith and continued by Gregory Ballard, which gives taxpayer money to religious organizations to perform services that government could easily perform more inexpensively and efficiently violates Article I, Sections 4 and 6 of the *Constitution of the State of Indiana.*

171. **Count XXVIII**: Mitchell Daniels' proposal to use taxpayer money to fund religious institutions via vouchers violates Article I, Sections 4 and 6 of the *Constitution of the State of Indiana.* I am being proactive.

172. **Count XXIX**: In 2010 defendant Gregory Ballard signed an agreement leasing the parking meters of the City of Indianapolis to a private company for fifty years for some instant gratification cash, along with a host of unreasonable restrictions on the city and the taxpayers and a drastic increase in. The lease was intended to benefit Dennison Parking, which owns most downtown parking garages and part of the lessee, and to accommodate non-resident Stephen Goldsmith's society-destroying theories, thereby granting special privileges to Dennison Parking and Stephen Goldsmith, at the expense of Marion County taxpayers, in violation of Article I, Section 23 of the *Constitution of the State of Indiana.* The lease also takes the property of us Marion County citizens without just compensation, in violation of Article I, Section 21 of the *Constitution of the State of Indiana.*

173. **Count XXX**: Negligent hiring and retention: Despite Ora Hirsch Pescovitz's long history of severely disruptive behavior, defendant Mary Sue Coleman, in approximately April 2009, decided to hire her into impressive-sounding administrative positions at the University of Michigan, and has retained her in these positions, with a constant stream of effusive public flattery. This has facilitated Ora Hirsch Pescovitz's perpetration of the aforementioned offenses against me, as well as those of her exploiters: she promotes herself as a respected university administrator, while I am an unemployed nobody. Thus, people *a priori* are likely to believe that she is right and I am wrong. Many people either cannot or do not want to believe that a high-level administrator in a major university is really a low-down crook.

174. Government at all levels has failed miserably in its primary duty to keep me safe, to protect

me from harm, and to allow me to peacefully live my life as I see fit.

## IV. PRAYER FOR RELIEF

175. Based on the foregoing, plaintiff respectfully prays that this Court order the following relief:

176. Enjoin defendants David F. Hamilton, Ora Hirsch Pescovitz, Joseph Reedy, Jacqueline Reedy, James Patton, Gerald Zore, Leslie Page, Kristin MacBain, George MacBain, Becky Sayre, Rob Snyder, Elizabeth Drake, Mitzi Graham, and Linda Major from abusing me, harassing me, and disturbing my peace, order them to stay off my property, and order them to refrain from all direct and indirect contact with my family and me, other than through an attorney of record as part of this proceeding.

177. Order defendant Ora Hirsch Pescovitz to refrain from all contact with the U.S. Court of Appeals for the Seventh Circuit.

178. Order Gregory Ballard to return control of IMPD to the Sheriff.

179. Order IMPD to stop kidnapping and terrorizing citizens under pretext of "mental illness."

180. A declaration that government defendants are constitutionally prohibited from using their government positions to prevent me from participating in worship and other religious activities in the religious congregation of my choice.

181. Order Extreme Makeover, Court Edition for Marion Circuit and Superior Courts, the Marion County Prosecutor's Office, and the Marion County Clerk's Office, to correct court records and files, to institute policies to ensure that records are kept accurately, to ensure that all orders in each case are personally signed by the judicial officer duly assigned to the case, to ensure that arrests and convictions are based on solid, admissible evidence, to ensure that juries are free to decide cases without undue influence or duress, and any other necessary actions to ensure that justice is served.

182. Order all government defendants to immediately stop allowing Ora Hirsch Pescovitz to commit crimes and perpetrate other acts of misconduct in the name Carolyn Srivastava, Carolyn H. Srivastava, or any other substantially similar name.

72

183. Order all defendant judges, courts, clerks and prosecutors to correct all court records of Ora Hirsch Pescovitz's offenses committed in the name Carolyn Srivastava, Carolyn H. Srivastava, or any other substantially similar name to reflect commission by Ora Hirsch Pescovitz, the real perpetrator, and make the records available to the public as required by law.

184. Order Marion Superior Court judges and law enforcement officials to expunge and erase their "criminal history" created in the name Carolyn Srivastava, as the crimes alleged were committed by others, and not by me, plaintiff Carolyn Herz Srivastava. Moreover, the false criminal allegations were specifically designed to exploit government intimidation power to unlawfully prevent me from engaging in religious worship.

185. Order Marion Superior Court and Elizabeth White to correct their records, to remove all allegations that I owe anyone any money.

186. Order defendants to turn over to me (plaintiff Carolyn Herz Srivastava) all documents, both paper and electronic, purporting to have been drafted and/or signed by me that they have submitted to any office or employee of Indiana University.

187. Order defendants to turn over to me (plaintiff Carolyn Herz Srivastava) all documents, both paper and electronic, purporting to have been drafted and/or signed by me that have been submitted to any county, state, or federal court located within the State of Indiana, and the U.S. court of Appeals for the Seventh Circuit, including but not limited to documents submitted to clerks and judges.

188. Order defendant Elizabeth White to correct all Marion County court records pertaining to me, and to maintain accurate records. Further, to order her to provide to me once per month, at her own personal expense, an accurate copy of the Chronological Case Summary of each of my cases in Marion Superior Court, both closed and pending.

189. Find Ramesh Shah and Saroj Shah in contempt of court pursuant to Ind. Trial Rule 4.16 (C) for refusing service of process in Lake Superior Court case no. 45D04-0912-PL-00119.

190. Order that Marion County parcel # 6027008 may not be used for any residential, commer-

cial, school, church, or other buildings, as they will cause traffic congestion, decrease the value of College Park properties, and exceed the original building density requirements.

191. Order David G. Moscrip, Sanjay Mishra, and Med-1 Solutions to stop harassing me for money that I do not owe them.

192. Order the administrations of Mitchell Daniels and Gregory Ballard to refrain from allowing any toxic waste generating business to operate on the site at 4910 West 86th Street, Indianapolis, Indiana.

193. Order Marathon, City of Indianapolis, and State of Indiana to clean up and dispose of the toxic substances now stored on the site at 4910 West 86th Street, Indianapolis, Indiana.

194. Order the Indiana Supreme Court to provide me with a full, detailed, very specific explanation of its summary dismissal of my complaint against Gerald Zore.

195. Order the creation of two additional positions on the Indiana Supreme Court, specifically reserved for **qualified** women. To balance, two existing positions can be specifically reserved for qualified men. Most state supreme courts have at least seven justices.

196. Declare the College Park Club 2011 absentee ballots invalid and order College Park Club to replace them with ballots that allow voters to refrain from revealing their identities.

197. That the Court award me treble damages as allowed by 18 U.S.C. § 1964 (c) and Ind.Code § 34-24-2-6 (b) for losses due to racketeering offenses.

198. That the Court award punitive damages to me.

199. That the Court award costs of this litigation to me (plaintiff).

200. Order such additional relief as the Court may deem just and proper.

## IV. AFFIRMATION OF PLAINTIFF

I, the plaintiff in the aforementioned cause, do affirm that I have read all of the statements contained in this supplement to my complaint and that I believe them to be, to the best of my personal knowledge, true and correct.

Signed this _31ST_ day of ____January____, 2011.

_____Carolyn Srivastava_____
Carolyn H. Srivastava
3105 Lehigh Court
Indianapolis, IN 46268
(317) 876-0421
chsattysci@gmail.com